**CONNECTICUT GENERAL LIFE INS. CO.
v. MOORE.**

**No. 2540.**

Court of Civil Appeals of Texas. Beaumont.
Oct. 19, 1934.

Rehearing Denied Oct. 31, 1934.

Barnes & Barnes, of Beaumont, for appellant.

Howth, Adams & Hart, of Beaumont, for appellee.

WALKER, Chief Justice.

On November 12, 1918, appellant, Connecticut General Life Insurance Company, executed and delivered to "Gulf Oil Corporation (name subsequently changed to Gulf Oil Corporation of Pennsylvania), or any of its subsidiary companies," group policy No. 5039 by which all employees of the insured and its subsidiary companies were entitled to life insurance and permanent total disability insurance in the sum of $1,000, to be increased at the rate of $250 per year of continuous employment of the individual employee until the maximum benefits amounted to $2,500. By the terms of this policy the employee was not required to make any contribution whatever towards the payment of the premiums, all premiums being paid by the insured. By the conditions of this policy each employee was to be issued a certificate advising him of the benefits to which he was entitled under the policy. But this certificate created no new liability against appellant in favor of the employee, nor added to nor changed in any way the conditions of the original policy. This policy covered the employees as of the date of its issuance and was also for the benefit of those to be employed in the future. In this connection it should be further said that every essential act necessary to make this policy effective was performed in the city of Pittsburgh, Pa. Appellee, Evandy Moore, was employed by Gulf Refining Company, a subsidiary of Gulf Oil Company, on or about the 21st day of July, 1922, and on July 21, 1923, being entitled on that date to the benefits of the master policy described above, there was issued to him by appellant, delivered to him by Gulf Refining Company, the following certificate:

"The Connecticut General Life Insurance Company of Hartford, Connecticut, certifies that it has insured the lives of certain employees of the Gulf Oil Corporation of Pennsylvania and its subsidiary Companies by a policy of insurance issued and delivered to the said Company.

"Under and subject to the terms and conditions of the above mentioned policy the life of Evandy Moore is insured for the initial sum of $1,000 payable to the beneficiary entitled thereunder to receive the same, if death occur while the insured is an employee of the said Gulf Oil Corporation of Pennsylvania or

a subsidiary company during the continuance of said policy.

"Connecticut General Life Insurance Company

"W. I. King, Secretary. "No. 25771 Date Effective July 21, 1923."

As we construe the statement of facts, the following notice was printed on this certificate:

"Gulf Oil Corporation of Pennsylvania Pittsburg, Pa.

"In presenting you with this certificate of insurance we wish to quote from the Gulf Oil Corporation's letter of November 1st, 1918; * * * the insurance is furnished without any expense to the employee directly or indirectly; covers death from any cause, anywhere, as long as he is an employee of the Corporation or any of its Subsidiaries and it is in addition to any benefits to which he might be entitled under a workmen's Compensation Law."

The original master policy remained in effect continuously from the date of its issuance and was in effect on February 1, 1932, when appellee ceased to be an employee of Gulf Refining Company.

On April 1, 1925, appellant issued to "Gulf Oil Corporation of Pennsylvania and/or affiliated and/or subsidiary companies" a second group policy of insurance numbered G—5534 for the benefit of the employees of the insured. The benefits of this policy were determined by the amount of the employees' monthly income. It differed from the policy described above in the following material respects: While Gulf Oil Corporation and its affiliated and subsidiary companies were obligated to pay the full premium to appellant, yet it was contemplated, as shown by the language of the policy itself, that the employees of the insured were to pay a part of the premiums and the policy was not to be effective as to the individual employee until he had accepted this condition and had agreed to pay the portion of the premium properly chargeable against him, whereupon there was to be issued to him by appellant a certificate of insurance in the sum of $1,000 (or a greater sum according to the income of the employee) as an employee of the insured. As an employee of Gulf Refining Company, appellee accepted the conditions of this policy and there was issued to him by appellant, delivered to him by Gulf Refining Company, the following certificate of insurance:

"The Connecticut General Life Insurance Company of Hartford, Connecticut, certifies that it has insured the lives of certain employees of the Gulf Oil Corporation of Pennsylvania and its Subsidiary Companies by a policy of insurance issued and delivered to the said Corporation. Under and subject to the terms and conditions of the above mentioned policy the life of Evandy Moore is insured under the terms of a policy dated April 1, 1925, in the sum of $1,000, payable in the event of death to the beneficiary named herein, or in the event of total and permanent disability occurring before age sixty, to the insured himself. The policy expressly provides that this insurance shall cease whenever the above employee leaves, or cancels his payroll deduction order.

"Connecticut General Life Insurance Company

"W. I. King, Secretary. "No. 7383 Date Effective April 1, 1925.

"Rules Governing Contributary Group Life Insurance.

"1. An employee of Gulf Oil Corporation of Pennsylvania, and/or affiliated and/or subsidiary company, becomes eligible for contributory Group Life Insurance after he has been employed continuously for one year.

"2. The amount of insurance is based on average fixed pay received by employee during months of January and July, as follows:

"3. * * * An employee must authorize The Gulf Companies to deduct the premium for his insurance monthly in advance at the annual fixed rate. If employee through neglect, or otherwise, fails to pay his premium in advance, his insurance is automatically cancelled at the end of the period for which the premium is paid, if he remains in The Gulf Companies' employ. If an employee's insurance is canceled other than by termination of employment, it can be reinstated thereafter only upon submission at the employee's expense, of evidence of insurability satisfactory to the Insurance Company. * * *

"5. This certificate is issued to an employee in an amount based on his pay. Should he later be entitled to more insurance, he should make application and the additional amount will be added to this certificate by endorsement. * * *

"8. If a certificate is lost application should be made immediately for duplicate."

This suit was filed by appellee against appellant to recover the maximum coverage under the two certificates of insurance with interest, damages, and attorney's fees, on allegation of total, permanent incapacity. On the verdict of the jury appellee was awarded $2,-500 under the first certificate described above

and $1,000 under the second certificate described above. He was further awarded the sum of $1,250 in a lump sum as attorney's fees on both policies, with interest and 12 per cent. damages, making a total recovery of $5,170. From that judgment, appellant, has regularly prosecuted its appeal to this court.

### Opinion.

■ We sustain appellant's contention that the trial court committed error in rendering judgment against it for damages and attorney's fees on the claim for $2,500, being the amount of the certificate issued under master policy No. G—5039. This master policy was a Pennsylvania contract. Under the laws of Pennsylvania appellant was not liable for attorney's fees and damages on contracts of this character. The certificate of insurance issued to appellee by appellant was nothing more than a letter of advice, notifying him of his rights under the master policy. In Thull v. Equitable Life Assurance Society, 40 Ohio App. 486, 178 N. E. 850, 851, it was said: "The certificate delivered by the employer to the employee is no part of the contract of insurance; but that the contract consists of the policy issued by the society to the employer and the application therefor. The employee's certificate is only a recitation of his right to protection under the terms of the contract, so long as the conditions of the policy are complied with."

The delivery of this certificate was not essential to vest appellee with the rights and privileges of the master policy; and by the policy he was not required to perform in Port Arthur, Tex., any act necessary to vest him with its benefits. The master policy, and not the certificate of insurance, insured appellee against total permanent disability. Hartford Accident & Indemnity Co. et al. v. Delta & Pine Land Co., 292 U. S. 143, 54 S. Ct. 634, 78 L. Ed. 1178, 92 A. L. R. 928, opinion by Mr. Justice Roberts, is directly in point on our construction that master policy No. G—5039 was a Pennsylvania contract, to be construed by the laws of Pennsylvania. No other authority is necessary to support this conclusion.

■ Master policy No. G—5545 is subject to a different construction. The certificate of insurance issued to appellee under this master policy was part of the original contract. Appellee was not insured under this policy and certificate until he agreed to its conditions. "The final act" necessary to make the policy effective was performed in the city of Port Arthur, Jefferson county, Tex. Therefore, the master policy, together with the certificate of insurance, must be construed as a Texas contract making appellee liable for reasonable attorney's fees and 12 per cent. damages. 14 R. C. L. 892. Discussing the relation between such certificate and the master policy, in Carruth v. Ætna Life Ins. Co., 157 Ga. 608, 122 S. E. 226, 230, the Supreme Court of Georgia said: "The policy and the certificate are interlocked like the Siamese twins. Contemporaneous instruments, each affecting and controlling the same subject-matter, to wit, insurance of the life of an employee of the Lanette Cotton Mills by the Ætna Life Insurance Company, the two writings may be considered as essential, indivisible parts of one contract."

Metropolitan Life Ins. Co. v. Worton (Tex. Civ. App.) 70 S.W.(2d) 216, is in point, construing master policy No. G—5545 as a Texas contract.

■ Appellant excepted to the refusal of the court to submit the following issues:

"Do you find from a preponderance of the evidence that the plaintiff could now pursue any kind of occupation for either wages or profit?

"Answer 'Yes' or 'No', as you find the facts to be."

"Do you find from a preponderance of the evidence that at some time during plaintiff's future life he will be able to pursue some occupation which will be of profit to him?

"Answer 'Yes' or 'No', as you find the facts to be."

These issues were raised by the pleadings and testimony of appellee, and the refusal of the trial court to submit them constituted reversible error. It is no answer to that contention to say that the trial court submitted the following issues, answered by the jury in appellee's favor:

Special Issue No. 3 of the court's charge was: "Do you find, from the preponderance of the evidence, that at the date when Evandy Moore ceased to be an employee of the Gulf Refining Company he had sustained total disability within the meaning of the definition hereinbefore given you? Answer yes or no."

Special Issue No. 4 of the court's charge was: "Do you find, from the preponderance of the evidence that such 'total disability' (if you have so found) was and is permanent within the meaning of 'permanent disability' as above given you? Answer Yes or No."

An affirmative answer to appellant's requested issues would have constituted a defense to this cause of action. It is no answer to appellant's proposition to say that since the

issues actually submitted were found in appellee's favor, it must be presumed that the jury would have found against appellant on the requested issues. Had these issues been submitted, the jury might have answered them in appellant's favor. Indemnity Ins. Co. of North America v. Boland (Tex. Civ. App.) 31 S.W.(2d) 518; Montrief & Montrief v. Bragg (Tex. Com. App.) 2 S.W.(2d) 276.

■ The following statement, taken from appellant's brief, reflects error:

"Evandy Moore had just testified:

" 'Q. Now, Evandy, you didn't go to the first aid, I believe, at all, did you? A. Yes, sir.

" 'Q. In the statement that you made to Mr. Stamper and swore to before a notary public on November 16, you stated you didn't go to the first aid at all that day, didn't you? A. I didn't make no statement before him. I don't even know him.'

"At this juncture appellant offered in evidence an affidavit sworn to before a notary public by Evandy Moore, which stated that he did not go to the first aid on the day he claims to have been hurt, stating that 'sometime the following morning * * *' he went to the first aid, which affidavit showed further that he had made a statement before Mr. Stamper, all of which suggestions and statements taken from that affidavit contradicted and impeached appellee's own testimony. The testimony was offered 'for the purpose of contradicting and impeaching the witness.' The trial court then admitted said affidavit properly.

. "Yet, in spite of that fact, the Court made this comment on the weight of the evidence and this observation as to the possible effect thereof on the jury's minds:

" 'The Court: It could have been sworn and subscribed to by anybody. Let it go in. The jury can pass on it.' "

The remark by the trial court was clearly a comment upon the weight of appellee's evidence in denying the execution of the proffered instrument. The statement made by appellant does not disclose that it excepted to the court's remarks at the time they were made. However, the comment was of a nature so injurious that the failure of appellant to except thereto at the time it was made did not render it harmless; this follows because the court, by charge to the jury, could not have withdrawn the injurious effects of the improper remark.

The court did not err in refusing to define certain terms used in the charge, nor in overruling certain exceptions to appellee's petition. The other errors assigned should not occur on a second trial.

It follows that the judgment of the trial court awarding damages and attorney's fees on policy G—5039 should be reversed and on that issue judgment here rendered for appellant. In all other respects the judgment of the lower court is reversed and the cause remanded for a new trial.

Reversed and rendered in part and in part reversed and remanded.