## METROPOLITAN LIFE INS. CO. v. DELGADO.

### No. 3080.

Court of Civil Appeals of Texas. El Paso.

Nov. 8, 1934.

R. A. D. Morton and H. D. Stringer, both of El Paso, for appellant.

John T. Hill, Chas. Owen, and Sydney Smith, all of El Paso, for appellee.

PELPHREY, Chief Justice.

Prior to his death on the 4th of December, 1932, Francisco Delgado was employed by the Southern Pacific Company. He was working shortly before his death three days per week, Mondays, Tuesdays, and Wednesdays. The last day he actually worked was Wednesday, October 26, 1932. The Southern Pacific Company had a group insurance policy with appellant, and Delgado held a certificate thereunder in the sum of $1,500, with appellee as beneficiary. While Delgado did no actual work for the Southern Pacific Company after October 26th, yet on November 14th he received his pay check for the latter part of October. On November 22d, Delgado's foreman, Mr. Chamberlain, reported him to the superintendent of motive power as discharged for being absent from duty without permission of his foreman from October 26th. This discharge was approved by the superintendent of motive power on November 24th. On No-

vember 21st notice of the termination of Delgado's employment was executed and mailed to the Southern Pacific Company's accounting office in San Francisco, and was received there on November 29th. This notice recited that Delgado's employment had been terminated on October 26th. On January 16, 1933, Charles Owen, as attorney for appellee, wrote appellant as follows:

"January 16, 1933.
"Metropolitan Life Insurance Co.,
"1 Madison Avenue,
"New York, N. Y.
"Gentlemen:
"Petra Zapata Delgado of El Paso, Texas, desires to notify you of the death of her husband, Francisco Delgado, holding you— policy Serial 116509. Group Policy 2000–G for $1,-500.00.
"We are discussing this matter with the Southern Pacific Railway Company and it is possible that they have notified you of his death.
"If you desire us to fill out form please forward them to me and they will be returned to you properly executed.
"Yours very truly,
[Signed] Chas. Owen."

On February 8, 1933, appellant wrote the following letter to Mr. Owen:

"Southern Pacific Company
"El Paso, Tex., Feb. 8, 1933.
"Mr. Charles Owen, Attorney,
"519 Caples Bldg.,
"El Paso, Texas.
"Dear Sir:
"Replying to your letter January 13, concerning Francisco Delgado, deceased:
"Prior to receipt of your letter we had made a thorough investigation in this case and found the facts were as follows: (Portion omitted.)
"Under the circumstances claim is not payable."

On June 2, 1933, appellee filed her original petition in this suit and sought to recover the face of the certificate for the death of Francisco Delgado. January 26, 1934, she filed her first amended petition in which she alleged that Francisco Delgado became totally and permanently disabled on October 26, 1932, and sought recovery on that basis, together with penalty and attorney's fees.

Appellant, in answer, pleaded various provisions of the policy and denied liability on the ground that Delgado's employment had ceased on October 26th, and hence that in

accordance with the terms of the policy his insurance expired on October 31, 1932. Appellant further pleaded lack of written notice and proof to it of Delgado's alleged total and permanent disability within one year after premium payments on his account had been discontinued.

In response to special issues a jury found: That Delgado became totally and permanently disabled prior to December 4, 1932; (2) that such disability commenced on November 29, 1932; (3) that no written notice of such disability was given to appellant; and (4) that $350 would be a reasonable attorney's fee. From a judgment in favor of appellee for $1,500 this appeal has been prosecuted.

### Opinion.

Appellant's point of error 11 reads: "The court erred in overruling defendant's general demurrer because the petition having referred to and exhibited the policy, and its terms showing that notice and proof of disability are conditions precedent, and there being no allegations of giving notice and proof of disability, the petition stated no cause of action."

That portion of the policy relative to notice and proof of loss, reads:

"(b) Total and Permanent Disability Benefit—Upon receipt by the Company of due notice and proof—both in writing—that any Employee, not working in Mexico, while insured hereunder and prior to his sixtieth birthday has become totally and permanently disabled as a result of bodily injury or disease, so as to be prevented thereby from engaging in any business or occupation and performing any work for compensation or profit for the remainder of his life, provided:

"(A) The disability for which claim is made commenced after the Employee had been continuously insured hereunder for a period of one year, and

"(B) Written notice of such disability was received by the company not more than one year after premium payment on account of the employee had been discontinued."

Under the general provisions of the policy here sued on it appears that there were two contingencies upon the happening of which appellant would become liable to Delgado or to his beneficiary, viz.: First, for the full amount of the policy in case of his death; and, second, for a certain number of installments for amounts shown by a table included in the policy in case of his total and permanent disability. It appears to be admitted here, and the case was tried below upon the

theory, that appellant was not liable under the first provision; that is, on account of the death of Delgado. This being true, we must, as far as the question of notice and proof is concerned, view the question as arising under the second provision.

Paragraph 8 of appellee's amended petition reads: "Plaintiff further says that after the death of Francisco Delgado she made due proof of death and filed claim for the payment of said policy of insurance, and made demand therefor as required by law, and more than 30 days elapsed before bringing this suit but that defendant, Metropolitan Life Insurance Company, has failed and refused and still fails and refuses to pay the same, or any part thereof." But there is nowhere any allegation that notice was given or proof made that Delgado had suffered total and permanent disability.

It is well settled, we think, that where a policy is referred to and exhibited by plaintiff and contains provisions as to proof of loss, the petition must either allege the making of such proof or facts which would excuse the making thereof. Ætna Casualty & Surety Co. v. Austin (Tex. Civ. App.) 285 S. W. 951, affirmed (Tex. Com. App.) 300 S. W. 638; Missouri State Life Ins. Co. v. Le Fevre (Tex. Civ. App.) 10 S.W.(2d) 267 (writ dismissed); Mutual Benefit Health & Accident Ass'n v. Shelton (Tex. Civ. App.) 27 S.W.(2d) 845.

There is, however, a difference between the giving of notice and the furnishing of proof of loss, and appellant's objection to the petition because of its failure to show that notice of Delgado's disability was given to appellant within one year after premium payments on his account were discontinued is not sound. The giving of notice is governed by article 5546, and there being no verified allegations of lack of notice, it will be presumed that notice was in fact given.

The same rule applies to the questions raised in appellant's third and fourth propositions, in which the contention is made that a peremptory instruction in favor of appellant should have been given and that its motion for judgment should have been granted because of the evidence showing, and the jury finding, that notice was not given within the year as provided in the policy.

Members of Delgado's family testified as to complaints made by him as to being tired, as to his heart aching, that he was not able to go to work. The statements were objected to as being hearsay, self-serving, and

542

conclusions. The objections are not sound, in our opinion.

Our Supreme Court, in the case of Texas & P. Railway v. Barron, 78 Tex. 421, 14 S. W. 698, in discussing this question, quoted 1 Greenleaf, 102, as follows: "Whenever the bodily or mental feelings of an individual are materially to be proved, the usual expressions of such feelings, made at the time in question, are also original evidence. If they were the natural language of the affection, whether of body or mind, they furnished satisfactory evidence, and often the only proof of its existence. And whether they were real or feigned is for the jury to determine. * * * So, also, the representations by ·a sick person, of the nature, symptoms, and effects of the malady, under which he is laboring at the time, are received as original evidence. If made to a medical attendant, they are of greater weight as evidence, but, if made to any other person, they are not on that account rejected."

See, also, International & G. N. R. Co. v. Lane (Tex. Civ. App.) 127 S. W. 1066; Houston, etc., Railway v. Shafer, 54 Tex. 641; Newman v. Dodson, 61 Tex. 91.

The cases cited by appellant all discuss the question of expert testimony by nonexperts and are not in point.

■ Dr. Yanagawa, who treated Delgado, testified that he was suffering from myocarditis; that his ailment was serious; that from the history of the case, he had been suffering with heart trouble for two or three years; that he had been in a serious condition for a month or two; and that a person whose heart is in the condition that Delgado's was would be incapacitated from doing heavy work. He further testified that persons afflicted as was Delgado never got well.

This testimony, together with the evidence of his family, is clearly sufficient to warrant the jury's finding that he became totally and permanently disabled before his death.

■ Appellant's contention that Delgado ceased to be an employee of the Southern Pacific Company on October 26th is also without merit. The mere fact the witness Garcia testified that Delgado told him, "I don't know if I will or not go back to work, I don't care much about it," would not suffice to show that he had quit his employment.

The record shows that he was a very sick man, unable to work, and had been trying to work when he was unable to do so; therefore, he was naturally in doubt about going back to work.

The question of the allowance of attorney's fees and the statutory penalty is controlled by the decision in Metropolitan Life Ins. Co. v. Worton (Tex. Civ. App.) 70 S.W.(2d) 216, and appellee's cross assignments must be sustained.

Because of the insufficiency of appellee's petition in the particular above discussed, the judgment of the trial court is reversed and the cause remanded.