**METROPOLITAN LIFE INS. CO. v. GREENE.**

No. 3364.

Court of Civil Appeals of Texas. El Paso.

April 16, 1936.

Rehearing Denied May 7, 1936.

1244

R. A. D. Morton and H. D. Stringer, both of El Paso, for appellant.

R. E. Cunningham and W. H. Fryer, both of El Paso, for appellee.

HIGGINS, Justice (after stating the case as above).

■ Those assignments are overruled which question the sufficiency of the evidence to support the findings made by the jury.

The testimony of Mr. Cunningham, one of the attorneys for plaintiff, supports the finding as to the attorney's fee.

The testimony of the plaintiff and the medical experts who testified in his behalf supports the other findings. To quote the testimony and discuss its probative force would serve no useful purpose.

Error is assigned to the refusal to submit requested issues which read:

"Question D: Do you find from a preponderance of the evidence that plaintiff furnished to defendant due proof that plaintiff had become totally and permanently disabled so as to be unable to engage in any occupation or perform any work for compensation or profit for the remainder of his life?

"If you have answered the foregoing issue in the affirmative, then, but not otherwise, answer the following issue:

"Question E: When do you find, from a preponderance of the evidence, that such due proof was furnished by plaintiff to defendant?"

Another assignment complains of the court's finding that plaintiff made due proof on February 15, 1933, which was after plaintiff ceased to be insured under the group policy.

These assignments assume plaintiff's rights are governed by the group policy last issued and proof required to be made while plaintiff was insured thereunder.

■ If plaintiff became totally and permanently disabled between January 7, 1931, and January 1, 1932, his right is founded upon the first rather than the second group policy. Assuming he became disabled after January 1, 1932, and his right is founded upon the second policy, it was nevertheless not necessary for him to make the proof while he was still insured under the second policy. The phrase "while insured hereunder and prior to his sixtieth birthday," contained in the second policy, refers to the date of disability, and not, as appellant assumes, to the date the proof was required to be made.

■ The undisputed evidence shows plaintiff made proof in writing on the date found by the court. It is unnecessary to submit to the jury uncontested issues of fact for which reason questions D and E were properly refused. We do not understand appellant as contending the evidence is in conflict as to the fact that Greene furnished proof in writing on February 15, 1933. Appellant's contention is that it was necessary for Greene to make the proof while he was insured under the second policy; wherefore, proof made February 15, 1933, was not *due* proof.

As stated above, the phrase "while insured hereunder" does not refer to the time within which the plaintiff must have furnished proof. Wherefore the court did not err in holding that the proof made February 15, 1933, was *due* proof.

In one respect only is the date material upon which the proof was made. It becomes material in the disposition of the assignment which complains of the recovery of installments held to be payable the 15th days of February, March, and April, 1933, for which recovery was allowed with interest. If plaintiff's disability accrued prior to January 1, 1932, this matter presents no error for the benefits were payable under the first policy upon receipt of the proof. But if the disability accrued after January 1, 1932, the benefits were payable under the second policy three months after the proofs were received. We incline to the view the undisputed evidence shows the disability occurred prior to January 1, 1932, but to avoid possible error in this respect the judgment will be corrected so as to allow recovery for monthly installments beginning May 15, 1933. Such correction will be without prejudice to the right of plaintiff.

Another correction will be made limiting the interest recovery to $100, which is the amount prayed for. Appellant's propositions directed against this feature of the judgment are well taken.

■ Another proposition asserts appellant was entitled to a peremptory instruction because the plaintiff had not been insured for as long as one year and the policy (referring to the second policy) provides the disability benefits are not payable unless such disability commenced after "the

employee had been continuously insured hereunder for a period of one year." The evidence shows Greene was an employee upon the date of issue of the second policy; insured under the first policy, which insurance became immediately effective under the second policy and continued until June 25, 1932. Appellee is protected from the operation of the provision relied upon by appellant by the last above-quoted provision of the second policy.

The argument referred to in the thirteenth and fourteenth propositions presents no error. Mr. Cunningham's argument was not improper. Mr. Fryer's argument was justified by previous argument of appellant's counsel. The qualification to the bill so shows.

The court defined "total disability" as: "such a disability as prevented him from engaging in any occupation and performing any work for compensation or profit."

The definition given of "permanent" reads: "is meant enduring continuously throughout the remainder of his natural life so as to prevent him from engaging in any occupation and performing any work for compensation or profit."

Those definitions are correct. The objections thereto are without merit.

■ Complaint is made of the form of issues 1 and 2 relating to total and permanent disability. It is complained they do not embody the issue of continuous disability. This complaint is based upon the word "continuously" appearing in the certificate issued. Greene's contractual rights are controlled by the policy rather than by the certificate. It was so insisted by appellant upon the former appeal, and this court so held. Furthermore, this matter presents no error in view of the definition of "permanent" as given by the court above quoted.

■ Dr. Leslie, witness for plaintiff, testified:

"Q. How long will his feet be in that condition they are now in, in your opinion? A. The rest of his life.

"Q. In your opinion does that disable him in any way? A. It would.

"Mr. Morton: We object to that, your Honor, it is a conclusion and invades the jury's province.

"The Court: Overrule the objection.

"Mr. Morton: We except.

"Q. To what extent, Doctor?

"Mr. Morton: We object to that on the same ground, conclusion, he is not competent to give and invades the jury's province, not shown to be an expert in that line.

"The Court: Overrule the objection.

"Mr. Morton: We except.

"Q. To what extent, Doctor, does it disable him? A. I would say he would not be able to do any kind of work."

The witness was a medical expert, and we incline to the view the objection urged was not well taken. 19 Tex. Jur., Expert and Opinion Evidence, § 37, and last sentence of section 75.

The witness was familiar with the condition of the plaintiff's feet and testified fully to the facts upon which he based his opinion. The error, if any, in the admission of the quoted testimony was harmless. See cases cited in 1 Michie's Digest, 814.

Complaint is made of other rulings upon evidence none of which show any reversible error. Some of the rulings relate to evidence clearly admissible for limited purposes and was so limited.

■ The amended petition upon which the case was tried was filed March 1, 1935. Error is assigned to the recovery of the three installments payable subsequent to the filing of such petition. In view of the specific prayer for the recovery of all installments due to date of trial, it seems to this court the recovery of all installments due to date of trial should be regarded as proper. But in deference to rulings cited by appellant (Jones v. Dodd [Tex.Civ. App.] 192 S.W. 1134; Gardner v. Sittig [Tex.Civ.App.] 188 S.W. 731, 733; Id. [Tex.Com.App.] 222 S.W. 1090), and to avoid possible error in this connection, the judgment will be corrected to meet the objection urged; such correction to be without prejudice.

The only remaining question is that attacking the allowance of penalty and attorney's fee as provided by article 4736, R.S. of this state.

■ A contract of insurance is deemed to be made at the time and place where the final act is performed which evidences the acquiescence or final meeting of the minds of the parties upon the terms of the agreement. And the place where the contract is made is deemed to be the place of performance unless it is to be gathered from the agreement that a different place

was fixed. Fidelity Mut. Life Ass'n v. Harris, 94 Tex. 25, 57 S.W. 635, 86 Am.St. Rep. 813.

■ Tested by this rule, the group policies, as between appellant and the Southern Pacific Company, must be regarded as New York contracts because it was in that state they were issued and delivered. Connecticut Gen. Life Ins. Co. v. Moore (Tex.Civ. App.) 75 S.W.(2d) 329.

■ But Greene acquired no rights under the policies until application for insurance thereunder was made by him and certificate issued and delivered. The policy, as to him, became effective when the certificate was delivered and governed by the laws of the state where such delivery was made. In accordance with this view it has been held, in suits upon group policies, the contracts were Texas contracts and recovery of penalty and attorney's fee under the Texas law upheld. Metropolitan Life Ins. Co. v. Worton (Tex.Civ.App.) 70 S.W.(2d) 216; Connecticut Gen. Life Ins. Co. v. Moore (Tex.Civ.App.) 75 S.W.(2d) 329; Connecticut Gen. Life Ins. Co. v. Dent (Tex.Civ.App.) 84 'S.W.(2d) 250; Metropolitan Life Ins. Co. v. Delgado (Tex.Civ. App.) 77 S.W.(2d) 539; Metropolitan Life Ins. Co. v. Pribble (Tex.Civ.App.) 82 S.W. (2d) 414.

■ The record in this case shows Greene's certificate was issued in California and there delivered to the insurance department of the Southern Pacific for delivery to Greene. Delivery to Greene was made in Arizona, where he resided and where he continued to reside until after his insurance terminated. Under these circumstances the contract, as between Greene and appellant, cannot be regarded as a Texas contract. Connecticut Gen. Life Ins. Co. v. Moore (Tex.Civ.App.) 75 S.W. (2d) 329; Fidelity Mut. Life Ass'n v. Harris, 94 Tex. 25, 57 S.W. 635, 86 Am.St. Rep. 813; American Nat. Ins. Co. v. Smith (Tex.Civ.App.). 13 S.W.(2d) 720, and authorities there cited.

■ It is unnecessary to determine whether it is a California or Arizona contract. In neither case can the attorney's fee and penalty statute of Texas be constitutionally applied. Connecticut Gen. Life Ins. Co. v. Moore (Tex.Civ.App.) 75 S.W.(2d) 329; Ætna Life Ins. Co. v. Dunken, 266 U.S. 389, 45 S.Ct. 129, 69 L.Ed. 342; Hartford A. & I. Co. v. Delta & Pine Land Co., 292 U.S. 143, 54 S.Ct. 634, 78 L.Ed. 1178, 92 A.L.R. 928.

This view is not affected by the amendment in 1931 of the Texas law (Vernon's Ann.Civ.St. art. 4736) whereby it was provided that such attorney's fee shall be taxed as a part of the costs in the case. Such attorney's fees cannot be properly regarded as costs in the ordinary sense of the small fees allowed court officers. Pacific Mut. Life Ins. Co. v. Berryhill (Tex. Civ.App.) 69 S.W.(2d) 784 (writ refused); People of Sioux County v. National S. Co., 276 U.S. 238, 48 S.Ct. 239, 72 L.Ed. 547; Missouri State Life Ins. Co. v. Jones, 290 U.S. 199, 54 S.Ct. 133, 78 L.Ed. 267.

The cases last cited support the view that the true penal nature of the obligation sought to be imposed by the Texas law cannot be changed by the mere declaration of the statute that attorney's fees shall be taxed as costs.

Upon the former appeal this court held the attorney's fee and penalty were recoverable, but the record upon that appeal did not disclose fully the facts, as is done upon this appeal, showing that the contract cannot properly be regarded as a Texas contract.

The judgment is reversed and here rendered in favor of Greene for the monthly installment of $86.25, which was payable May 15, 1933, and the installments for the same sum payable on the 15th of every month thereafter to and including February 15, 1935, together with interest, not to exceed $100, as prayed by the plaintiff.

This judgment is without prejudice to the right of Greene to sue for and recover the monthly installments payable after February 15, 1935, which includes all installments here eliminated from the judgment of the lower court.

Reversed and rendered.