## A. S. KOTTWITZ v. GEORGE H. BAGBY.

An objection by the defendant, that the citation had not been served when the copy of interrogatories to take a deposition, was served upon him, goes to the form and manner of taking, and should have been made in writing and notice given to the plaintiff before the trial commenced; but if such objection were taken in time, it would be immaterial.

Testimony by a witness as to what was said by others, brokers and merchants in New Orleans, to whom witness exhibited the bills, is not competent to prove them to be counterfeit.

Ordinarily, where bank bills are paid, there is an implied contract on the part of the payer, that they are current and will pass readily in mercantile and business transactions, as money.

Where the deposition was that certain bank bills, on being exhibited by the witness, to many brokers, merchants, &c., in New Orleans, were universally declared to be counterfeit; and the bills were attached to the deposition; and the witness was a merchant doing business in Texas, and on the occasion referred to had gone to New Orleans on business, taking said bills with him; the bills purporting to be the bills of a bank in New Orleans; it was held that the evidence was admissible and sufficient to prove that the bills were uncurrent and worthless, to an extent sufficient to entitle the plaintiff to recover their nominal value from the defendant who had passed them to him.

In our practice, the proof must meet and conform to the material and essential averments in the pleadings; but if the pleadings contain averments which are not material and essential, these, unless they occasion repugnancy or inconsisiency, may be treated as mere surplusage, which does not vitiate on demurrer, or defeat a recovery on proof of the essential allegations of the party, though the matter unnecessarily averred be not proved.

Where an unimpeached witness states a fact as of his own knowledge, it must be taken that he had competent means of information and knowledge of the fact, unless the contrary appears.

Error from Lamar. Tried before the Hon. William S. Todd.

Suit by defendant in error against plaintiff in error, to recover one hundred dollars, paid to the former by the latter,

in what purported to be Louisiana State Bank bills, but which were alleged to be counterfeit and worthless. Answer of general denial, and special plea that the bills were genuine, and the bills of a good and solvent bank, and were paid out by defendant and accepted by plaintiff in the usual course of trade. The testimony showed that the defendant purchased of plaintiff a draft on New Orleans for fifteen hundred dollars, and paid him fourteen hundred dollars in gold and silver and five twenty dollar bills.

D. J. Bagby's deposition stated that the fifteen hundred dollars were paid to him as agent for the plaintiff, by the defendant; one hundred dollars in paper money on some of the banks of the State of Louisiana, in small bills, either tens or twentys ; this was in September, 1853. The money received from defendant was on the 18th day of January, 1854, paid over to firm of J. W. & J. R. Russell, in the same package that witness received it in, and without ever being opened.

J. W. Russell's deposition stated, that witness stood by on the 18th day of Jan'y, 1854, and saw his clerk, J. DeLahunty, receive some money of plaintiff, which was principally gold and silver, but there was some paper ; don't know how much. The money received by J. DeLahunty from plaintiff was packed up by him and delivered to witness on the day before witness started to New Orleans, that is to say, on the 19th of January, 1854 ; and said package was taken by witness to New Orleans without being opened until after his arrival at said city, and upon opening said package, witness found he had one hundred dollars in "Twenty Dollar Bills" on the Louisiana State Bank, which Bills, on being exhibited by witness to many brokers, merchants, &c., were universally declared to be counterfeit ; said bills are hereunto attached.— Said package was not out of the possession of witness, after he received it from DeLahunty ; it contained no other "Twenty Dollar Bills" on the Louisiana State Bank.

James DeLahunty's deposition stated, that on the 18th Jan-

uary, 1854, he received, as Clerk of J. W. & J. R. Russell, of George H. Bagby, the plaintiff, one hundred dollars in " Twenty Dollar Bills," on the Louisiana State Bank, which was all the paper money of any kind received by witness of plaintiff, and that witness received all the money of any kind paid by plaintiff to said J. W. & J. R. Russell on said day. Witness packed up said money on same day and delivered it to James W. Russell on the following day, to be taken by him to New Orleans.

Amos Morrill testified that he had some skill in detecting counterfeit Bank Bills by the vignettes ; that he believed these were counterfeit ; was not acquainted with signatures of officers of the Bank.

Verdict and judgment for plaintiff, for $100. Motion for new trial overruled.

It appeared by bill of exceptions, that plaintiff, on the trial of the cause, offered in evidence the deposition of Dan'l J. Bagby, et al, to which defendant objected, and stated as an objection, that at the time of the serving of the notice upon him, he had no notice of any suit by plaintiff against this defendant ; which objection was overruled, and defendant excepted.

Also upon reading the deposition of J. W. Russell, defendant objected to all that portion relative to what had been said to witness by others as to the genuineness of the bills, because the same was not the best testimony ; which objection was overruled, &c.

Also the defendant objected to the introduction of Amos Morrill as a witness to prove the character of the bills, after he had stated that he did not know anything of the signatures of the makers of the bills, because the same was not the best evidence, &c.

The assignment of errors was that the Court erred in over-ruling the motion for a new trial, on the grounds set forth in the motion. The grounds set forth in the motion were, that

the verdict was contrary to law and evidence ; that the Court erred in charge to the jury ; that the Court erred in refusing the charge asked by defendant ; and in overruling defendant's objection to the deposition of witness Bagby et al.

*J. T. Mills*, for plaintiff in error.

*Morrill & Dickson*, for defendant in error.

WHEELER, J.   There was no error in overruling the objection taken to the deposition.   Objections to depositions are either to the form and manner of taking them, or to the matter of the depositions.   The present evidently was an objection of the former kind ; and was rightly overruled, because not taken in the time and manner prescribed by the statute.— (Hart. Dig. Art. 733.)   But if it had been taken in time, the objection was not tenable.   The interrogatories and notice served upon the defendant sufficiently apprised him, that the depositions were intended to be used upon the trial of a suit then instituted against him ; and there was nothing to prevent his propounding cross-interrogatories to the witnesses, if he chose to do so ; though the citation had not been served upon him.

The ruling of the Court admitting the testimony of the witness Morrill, is not assigned as error ; and it is, at least, questionable, whether the assignment of errors can be held to embrace the ruling upon the admissibility of the testimony of the witness Russell.   The assignment is, that " The Court erred in overruling defendant's objection to the deposition of witness Bagby et al."   This evidently has reference to the objection to the deposition we have already noticed ; that is, the objection to the manner of taking the deposition of the witnesses Bagby and others ; and not to the objection, appearing by the bill of exceptions, as having been taken to the matter of the

deposition of the witness Russell.  It might be held, therefore, that the propriety of the ruling of the Court upon the admissibility of the testimony of the witness, is not before us for revision by the assingment of errors.

But supposing the question of the admissibility of the evidence properly presented for revision, it remains to inquire whether the evidence was admissible, and sufficient to warrant the verdict.  And if, to entitle the plaintiff to a recovery, it were necessary to prove the notes to have been counterfeit or forged, it is perfectly clear that the evidence was not competent for that purpose.  The witness does not profess to speak of his own knowledge as to the character of the bills, but only as to what was said by others, brokers and merchants, in New Orleans, to whom he exhibited the bills.  If it was proposed to prove by the testimony of those persons that the bills were counterfeit, their depositions should have been taken.  Their acquaintance with the signatures of the officers of the Bank, or with its paper, may have been such as to render them competent witnesses to depose to the fact.  (Cowen and H. Notes to Phil. Ev. Part 2, n. 258.)  But their declarations to the witness, that the bills were counterfeit, were mere hearsay, and could not be received as competent evidence to prove that they were in fact counterfeit.  But we are of opinion that, to entitle the plaintiff to recover in this action, it was not necessary to make that proof.  The plaintiff's case was, substantially this, that by the mutual understanding of the parties these notes were passed by defendant to the plaintiff and received as so much money.  In the payment and receipt of them, there was an implied contract on the part of the defendant, that they were current and would pass readily in mercantile and business transactions, as money.  But, in fact, they were not current, or available to the plaintiff as money, but were worthless. If the evidence was admissible and sufficient to prove such a state of case, we think the plaintiff was entitled to recover.— And we are of opinion that it was.  There is no doubt the

bills in question were passed by the defendant to the plaintiff, and received by the latter as money ; and that it turned out that they were, in fact, uncurrent and worthless ; at least, it is clear that they did not and would not answer the purpose intended, and which the defendant impliedly contracted they should answer ; and this, when they were brought into Court, subject to be restored to the defendant, was sufficient to entitle the plaintiff to recover. To require the plaintiff, in such a case, to produce evidence sufficient to convict of passing counterfeit money, or of forgery, would be throwing too great a burden upon him ; especially considering the difficulty of making such proof, in a State where there are no banks, and the people are not supposed to be very conversant with bank paper. There is no danger to be apprehended from the dispensing with such proof : for there is not any reason to apprehend that any one who may have received the genuine bills of a solvent bank will ever return them to the hands of the person from whom he received them, for the purpose of taking the chances of a recovery in a civil action.

It is averred, not only that the bills were worthless and the plaintiff was unable to realize anything from them, but also that they are counterfeit. By this averment the pleader took upon himself an unnecessary burden of proof : and under the common law pleadings and practice, the consequence perhaps would be that, failing to make the corresponding proof, he would fail in his action ; such being the consequence of needlessly averring what the party could not prove. But with us the practice has been different. The proof must meet and conform to the material and essential averments in the pleadings ; but if the pleadings contain averments which are not material and essential, these, unless they occasion repugnancy or inconsistency, may be treated as mere surplusage, which does not vitiate on demurrer, or defeat a recovery on proof of the essential allegations of the party, though the matter unnecessarily averred be not proved.

It is objected to the sufficiency of the evidence, that the proof fails to identify the bills as the same which were received from the defendant, in that, the witness Bagby says he received the bills for the plaintiff, and the witness DeLahunty states that the money was paid to him for the house of Russell by the plaintiff. But the witness Bagby states positively that the money paid to the house of Russell was the same which he received from the defendant for the plaintiff. He is not interrogated as to his means of information. It is not difficult to conceive that he might know the fact, though the money was not handed to DeLahunty by himself, but by the plaintiff. He may have been present and witnessed the delivery of the package. It may have been, up to that time, in his possession.— Where an unimpeached witness states a fact as of his own knowledge, it must be taken that he had competent means of information and knowledge of the fact, unless the contrary appears.

Though the evidence, as we have seen, was not competent to prove that the notes were counterfeit, it certainly was competent to prove that they were not current or available to the plaintiff as money. If, when presented to the brokers and merchants of New Orleans, they pronounced them counterfeit, that is sufficient to warrant the conclusion that they were not current bills, and would not answer the purpose intended, and which the defendant had impliedly contracted that they should answer. The declarations of business men to whom they were presented, was competent evidence to prove that they would not pass as money. In fine, there can be no doubt, we think, that the bills were passed by the defendant to the plaintiff as money ; and that it turned out that they were, in fact, worthless, or, at least, of no value to the plaintiff. The defendant, therefore, was bound to supply their place with money, or its equivalent. And, upon the whole, we are opinion, that the petition contained matter sufficient to maintain the action, rejecting the allegation that the notes were counterfeit ; that

the material, essential averments were sustained by the proof; consequently that the verdict was warranted by the evidence. The judgment is therefore affirmed.

Judgment affirmed.