**MISSOURI, O. & G. RY. CO. OF TEXAS v. BROWNING et al. (No. 1289.)**

(Court of Civil Appeals of Texas. Texarkana. March 26, 1914.)

1. DEPOSITIONS (§ 83*)—NOTICE—TIME OF FILING.

Defendant cannot object to depositions taken and used on behalf of plaintiff, on the ground that defendant had not been legally served with

citation when the depositions were taken, in that it was served in the wrong corporate name.

[Ed. Note.—For other cases, see Depositions, Cent. Dig. §§ 219–226; Dec. Dig. § 83.*]

**2. DEPOSITIONS (§ 83*)—TIME OF OBJECTIONS.**

Under Rev. St. 1911, art. 3676, providing that objections to the form or manner of taking depositions shall be made and determined at the first term of court after the deposition is filed, and not thereafter, a motion to suppress depositions on the ground that notice of the filing of interrogatories for the purpose of taking depositions was not served with citation could be denied, where not made until the second term after the depositions were filed.

[Ed. Note.—For other cases, see Depositions, Cent. Dig. §§ 219–226; Dec. Dig. § 83.*]

**3. EVIDENCE (§ 471*)—CONCLUSIONS OF WITNESS.**

Evidence that a railroad engine was throwing more sparks at a particular time than was usually thrown by other engines passing in that direction was not objectionable as a conclusion, in absence of a showing that witness was not capable of telling, from observation, whether the engine threw more sparks than engines usually did in passing that point.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2149–2185; Dec. Dig. § 471.*]

Appeal from Grayson County Court; J. O. Adamson, Judge.

Action by William Browning and others against the Missouri, Oklahoma & Gulf Railway Company of Texas. From a judgment for plaintiffs, defendant appeals. Affirmed.

Jno. T. Suggs, of Denison, for appellant. Wolfe, Wood & Haven, of Sherman, for appellees.

HODGES, J. On January 16, 1913, the appellees filed this suit against the appellant to recover damages for the destruction of a house by fire. It is alleged that the fire originated from sparks emitted by one of the appellant's locomotives, and that the appellant was negligent in its equipment and operation. In a trial before a jury, a verdict and judgment were rendered in favor of the appellees for $250.

The first assignment of error is as follows: "The court erred in overruling and failing to sustain the motion of this defendant to quash and suppress the depositions of Maggie Robinson and Columbus Dibble, and in permitting the plaintiff to use and offer in evidence the deposition of said Maggie Robinson, for this: That, at the time the deposition of the said Maggie Robinson was taken, this defendant was not a party to this suit, and no citation commanding it to appear and answer had been served upon it as provided by law, and this defendant filed no cross-interrogatories to said witness, or otherwise in any manner entered its appearance herein, and said deposition was taken and returned at a time when this defendant was not a party thereto, and said deposition was not properly admissible in evidence against this defendant." The proposition following this assignment is as follows: "A deposition taken by plaintiff is not admissible in evidence against

a defendant in a suit when said defendant, at the time said deposition was taken, had not been made a party to such suit and had in no way waived its right to object to the admission of such deposition."

It appears from the record before us that the corporate name of the appellant is the Missouri, Oklahoma & Gulf Railway Company of Texas. The citation issued upon the filing of the plaintiffs' original petition and served upon its agent in certain parts omitted the words "of Texas" from the name of the defendant in the suit. The same words were also absent in the return of the sheriff. No question is made, however, about the service of the citation being upon the duly authorized agent of the appellant and within proper time. At the next term of the court after the service of the citation, the appellant did not answer before the return day. No judgment was taken by default, but counsel for the appellees asked for and obtained permission of the court to have the citation amended by adding the words "of Texas" in the body of the citation and also in the return of the sheriff. Those portions of the citation material to be considered in this connection are as follows: "You are hereby commanded to summon the Missouri, Oklahoma & Gulf Railway Company (of Texas), a corporation, by summoning G. H. Payne, its local agent," etc., "then and there to answer the petition filed in said court on the 16th day of January, 1913, wherein William Browning is plaintiff, and the Missouri, Oklahoma & Gulf Railway Company (of Texas), a corporation, is defendant; the file number of said suit being 8676." Then follow a statement of the nature of plaintiffs' demand and the usual provisions commonly embodied in citations. After the amendment of the citation in the manner above referred to was permitted, the appellant filed an answer to the merits, and on its application the case was continued for the term. At the next term thereafter appellant presented a motion to quash the depositions referred to in the assignment. The motion was based upon the assumption that the citation served upon appellant's agent was insufficient to require it to answer at the time the precept was issued to take the depositions of the witnesses mentioned.

In approving the bill of exceptions the court adds the following qualification: "Plaintiff, William Browning, sued the Missouri, Oklahoma & Gulf Railway Company of Texas. When citation was issued, the body of the citation stated the name of the defendant as the 'Missouri, Oklahoma & Gulf Railway Company'; on the back of the citation the name of the defendant was properly stated, as alleged in plaintiffs' petition (i. e., 'Missouri, Oklahoma & Gulf Railway Company of Texas.' The number in the body of the citation was 8676, and the number on the back of the citation was 8676. The Missouri, Ok-

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

lahoma & Gulf Railway Company filed an answer in this case the Missouri, Oklahoma & Gulf Railway Company of Texas refused to answer. The plaintiff then filed a motion to permit the clerk to amend the citation by writing in the body of the citation the words 'of Texas' after the words 'the Missouri, Oklahoma & Gulf Railway Company.' Upon hearing of this motion it was shown that G. H. Payne was the agent and only agent of the Missouri, Oklahoma & Gulf Railway Company of Texas in Grayson county, Tex., and that service was had upon the said G. H. Payne. The motion to amend the citation was granted, and, when the same was amended, the Missouri, Oklahoma & Gulf Railway Company, of Texas filed answer, and at the same time filed a motion for a continuance, which said motion for continuance was granted. Two depositions were taken by the plaintiff, pending the proceedings above stated. The defendant refused to cross either set of interrogatories. The plaintiff had new sets of interrogatories issued to take the depositions of these same two witnesses. At the next term of court, the case was set down for trial, and, when same was reached for trial, defendant filed a motion to quash the depositions. Plaintiffs' attorneys stated in open court that one of the depositions had been retaken and returned into court; that he was informed by the notary taking the depositions that the other deposition had been taken; and that the same would be returned into court that day. The motion to suppress the depositions was then overruled. The deposition of the witness Columbus Dibble being retaken, the same was read without objection. The deposition of Maggie Robinson not being returned during the trial, the court permitted the original deposition to be read, over the objection of the defendant. The day after the trial the other deposition of the witness Maggie Robinson was returned into court. When the defendant presented a motion for a new trial in this case, I consulted the original deposition of the witness Maggie Robinson and her deposition as retaken, and saw that the same were identically the same, with the exception of her answers to three cross-interrogatories. Without setting out her answers to these three cross-interrogatories, the same simply corroborate her direct testimony, and the motion for a new trial was overruled because a reading of the original deposition was not harmful to the defendant."

[1] In legal effect the contention here is that the appellant was not required to observe any notice with reference to the filing of interrogatories for the purpose of taking a deposition until after it had been legally served with the citation. We do not understand that to be the correct rule of law. Kottwitz v. Bagby, 16 Tex. 656; Connor v. Mackey, 20 Tex. 748.

It appeared from the bill of exceptions in the first case referred to above that the plaintiff on the trial offered in evidence a deposition to which defendant objected upon the ground that, at the time of serving the notice upon him, he had no notice of any suit by the plaintiff against him. Judge Wheeler, in rendering the opinion of the court, said this was an objection which should have been presented by a motion to suppress on account of the manner and form of taking the deposition, and that the objection was properly overruled because not seasonably made in the manner required by law. He adds, however: "But, if it had been taken in time, the objection was not tenable. The interrogatories and notice served upon the defendant sufficiently apprised him that the depositions were intended to be used in the trial of a suit then instituted against him; and there was nothing to prevent his propounding cross-interrogatories to the witness, if he chose to do so, though the citation had not been served upon him."

In the second case referred to the same judge used this language: "It is no objection to the taking of depositions, to be read upon the trial, that the defendant has not answered. He is allowed time to file his answer; but, as he may be required to proceed to trial immediately after having answered, it is proper, and may be necessary, that he take steps in advance to obtain his evidence. His failure to do so, when he might have obtained it, would deprive him of the right to a continuance."

[2] It does not appear from the bill of exceptions or from the facts stated in the brief of the appellant that notice of the filing of the interrogatories had not been properly served upon it. It does appear, however, that this objection was not urged until the second term of the court after the depositions had been filed. Article 3676 provides: "When a deposition shall have been filed in the court at least one entire day before the day on which the case is called for trial, no objection to the form thereof, or to the manner of taking the same, shall be heard, unless such objections are in writing and notice thereof is given to the opposite counsel before the trial commences: Provided, however, that such objections shall be made and determined at the first term of the court after the deposition has been filed, and not thereafter." The court had the authority to refuse to entertain this motion at the time it was presented, under the foregoing provisions of the statute.

[3] The second assignment of error complains of one of the answers given by the witness Maggie Robinson, upon the ground that it was the conclusion of the witness, and not a statement of a fact. The answer was as follows: "The engine was throwing more sparks than was usually thrown by other engines passing that point in that direction." There is nothing in the statement in appellant's brief accompanying this assignment

which indicates that the witness was not fully capable of telling from her actual observation whether this engine threw more sparks than engines usually did in passing that point. The objection is untenable, and the assignment is overruled.

The judgment is affirmed.