## METROPOLITAN LIFE INS. CO. v. WORTON.

### No. 12918.

Court of Civil Appeals of Texas.
Fort Worth.
Jan. 13, 1934.

Rehearing Denied Feb. 24, 1934.

Leake, Henry & Young, of Dallas, for appellant.

Grindstaff, Zellers & Hutcheson, of Weatherford, for appellee.

DUNKLIN, Justice.

The Metropolitan Life Insurance Company has appealed from a judgment in favor of Wm. T. Worton based on policies of insurance, described in the statement of facts agreed on by counsel for both parties on the trial of the case, and which is as follows:

"The plaintiff and defendant agree in open court that the certificate sued upon in this case is based upon a certain group policy of insurance between the Standard Oil Company of New York, and Metropolitan Life Insurance Company, having a permit to do business in Texas, both being New York Corporations; that said group policy of insurance was applied for, issued and delivered within the State of New York, and that the laws of the State of New York do not provide for penalties or attorneys' fees, said policy covering among other companies the employees of Magnolia Petroleum Company, it being the contention of the plaintiff in this case, however, that said policy is subject to the laws of the State of Texas regarding penalties and attorneys' fees; it is further agreed between the parties hereto that said group policy of insurance may be considered as introduced in evidence upon the trial of said cause; it being further agreed that said group policy of insurance does not conflict with, or contradict the terms of the certificate sued upon in this case, which was issued to W. T. Worton; said group policy of insurance also containing a provision regarding total or permanent disability along the lines of, and not conflicting with or contradicting said certificate; it is further agreed between the parties hereto that the Magnolia Petroleum Company is a subsidiary of the Standard Oil Company of New York.

"It is further agreed between plaintiff and defendant herein that proof of claim under the terms of said certificate were received by the defendant, Metropolitan Life Insurance Company, on March 5th, 1932, and that Metropolitan Life Insurance Company filed a refusal to pay said claim, and that said claim was duly made in the manner and within the time provided by said group policy, and said certificate was based upon a claim of total and permanent disability, as alleged to have occurred to the plaintiff on or about the 25th day of January, 1932. That demand was duly made for payment under the provisions of said policy and certificate, and payment thereof was refused by the defendant.

"It is agreed that the amount of insurance involved in this suit is the sum of One Thousand Six Hundred ($1,600.00) Dollars which would be the amount due in case of total and permanent disability, payable as indicated in the certificate herein sued upon, at the rate of $28.80 per month.

"It is agreed that in the event of the finding of total and permanent disability by the jury, that the Court should hold that the plaintiff is entitled to attorney's fees of $250.-00, and it is agreed that that is a reasonable amount; subject, however, to the defendant's claim that since this is a policy between two foreign corporations, applied for and issued in the State of New York, which state does not subject insurance companies to penalties or attorneys' fees, and that no attorneys' fees are due the plaintiff."

Both the group policy of insurance and the-

certificate of insurance issued to plaintiff were alleged in his petition, with a prayer for recovery thereon under the agreed facts.

Plaintiff was awarded a recovery for $230.40 at the rate of $28.80 per month for a period of eight months, ending November 9, 1932, together with a penalty of $27.65 and attorneys' fees in the sum of $250, making a total of $508.05; the statutory penalty and attorneys' fees being claimed in his petition.

In answer to special issues the jury found that on or about January 25, 1932, as a result of bodily injury or disease, plaintiff became totally disabled to perform manual labor; that such disability has existed continuously from that date; that it is permanent and will continue for the remainder of his life.

The record shows that the plaintiff was discharged from service at the time other employees were being let out on account of the general depression in business, and it tends to show that he was let out on that account. However, according to the testimony of plaintiff, which is corroborated by the testimony of one physician, he became incapacitated, to a substantial extent, to perform manual labor, which was necessary to his support, after his discharge, according to the test of total incapacity announced in Commonwealth Bonding & Casualty Ins. Co. v. Bryant, 113 Tex. 21, 240 S. W. 893, even though it could be said that he was not so disabled at that time; such incapacity resulting from the impairment of vision in both eyes on account of physical injury to one, and partial facial paralysis from injury to his head, causing impairment of the use of other members of his body, including his ears and an arm. Hence, we overrule appellant's contention that the foregoing findings of the jury are without sufficient support in the evidence to serve as a basis for the judgment rendered.

The further contention is made that since the group policy of insurance was executed in the state of New York and was a necessary part of the certificate of insurance issued to the plaintiff, the contract of insurance would be governed by the laws of New York, under which the penalty and attorney's fees awarded to the plaintiff were not recoverable, and therefore article 4736, amended by the 42d Legislature, c. 91, § 1 (Vernon's Ann. Civ. St. art. 4736), and article 5054, Vernon's Texas Civil Statutes, allowing such relief, could not be given effect.

The decision relied on most strongly by appellant was Aetna Life Insurance Co. v. Dunken, 266 U. S. 389, 45 S. Ct. 129, 69 L. Ed. 342. The policy there sued on was issued in Texas in accordance with the right given the insured in the original policy which had been executed in the state of Tennessee, and the Supreme Court held that the laws of Tennessee, which did not provide for penalties and attorneys' fees for failure to pay the policy when due, would control to the exclusion of the Texas statutes allowing such. We do not believe that decision to be in point here. The group policy referred to in this case did not of itself insure the plaintiff or any other employee of the Standard Oil Company or any of its subsidiaries. It was a contract that it would insure such employees upon application made therefor by their employers. Prior to the date plaintiff in the case received the certificate of insurance sued on, he was not a beneficiary under the group policy.

The group policy furnished the consideration supporting the contract of the insurance company with the employer to insure the latter's employees when requested so to do. It was the primary basis of the certificate of insurance in favor of the plaintiff, and to that extent a part of that contract, as held by the Commission of Appeals in Wann v. Metropolitan Life Ins. Co., 41 S.W.(2d) 50. But the certificate of insurance issued to the plaintiff embodied a separate and additional contract with plaintiff only, who was made the sole beneficiary of the insurance stipulated, and upon the sole consideration of his agreement to pay the monthly premiums accruing at maturity. That certificate of insurance was delivered to the plaintiff in Electra, Tex., where he was employed and where the premiums were collected by the insurance company while it was doing business in the state of Texas under a permit granted by that state and was governed by the laws of Texas. Cunningham v. Great Southern Life Ins. Co. (Tex. Civ. App.) 66 S.W.(2d) 765.

Article 5054, Vernon's Tex. Civ. Statutes, reads as follows: "Any contract of insurance payable to any citizen or inhabitant of this State by any insurance company or corporation doing business within this State shall be held to be a contract made and entered into under and by virtue of the laws of this State relating to insurance, and governed thereby, notwithstanding such policy or contract of insurance may provide that the contract was executed, and the premiums and policy (in case it becomes a demand) should

be payable without this State, or at the home office of the company or corporation issuing the same."

We therefore hold that the court did not err in awarding the penalty and attorney's fees sued for.

The judgment of the trial court is affirmed.