**PACIFIC MUTUAL INSURANCE COMPANY, Appellant,**

**v.**

**H. L. TALBERT, Appellee.**

No. 4982.

Court of Civil Appeals of Texas.

Beaumont.

June 24, 1954.

Motion for Rehearing Overruled
Sept. 29, 1954.

488

Orgain, Bell & Tucker, Beaumont, for appellant.

D. H. O'Fiel, Beaumont, for appellee.

ANDERSON, Justice.

The basis of this suit is a Group Medical Expense Insurance Policy and a certificate of insurance issued thereunder by the appellant, Pacific Mutual Insurance Company. The appellee, H. L. Talbert, to whom the certificate was issued, sued on the group policy and the certificate to recover hospital, surgical, and medical expense incurred by him as a result of his wife's having undergone an operation on or about May 5, 1953. The appellant answered by general denial and a plea that, under the terms of the certificate declared upon, appellee's insurance terminated on April 15, 1953, at which time appellee ceased to be an employee of Kinsel Motors, Inc. The appellee undertook to establish that on April 15, 1953, at which time the insurance would have otherwise terminated, his wife was wholly disabled, and that therefore the insurance remained in effect under the following provision of the certificate and the group policy: "If the Employee's insurance with respect to a dependent terminates while the dependent is wholly disabled, the Employee's insurance with respect to such dependent will be extended, without payment of premiums, during such disability, but not beyond the period ending three months after such termination; provided, however, that this paragraph shall not be construed so as to extend insurance with respect to a dependent on account of pregnancy or resulting childbirth or miscarriage."

The case was tried to a jury, and, aside from an issue pertaining to a reasonable fee for appellee's attorney, the following were the only issues submitted:

"Special Issue No. 1: From a preponderance of the evidence, do you find that the plaintiff's wife, Mrs. Eugenia Harriet Talbert, was wholly disabled under date of April 15, 1953?

"Answer 'yes' or 'no'.

"If you have answered Special Issue No. 1 'yes', and only in such event, then answer the following:

"From a preponderance of the evidence, do you find that such disability,

if any you have so found, continued over a period commencing April 15, 1953 and terminating May 5, 1953?

"Answer 'yes' or 'no'."

The jury answered both special issues in the affirmative, and, the parties having stipulated as to the hospital, surgical and medical expense involved, the trial court rendered judgment for the appellee for such expense together with the statutory penalty and the attorney's fee fixed by the jury, an aggregate of $428.88.

The appellant has duly perfected its appeal, and by its first point assigns as error the action of the trial court in overruling its motion for judgment non obstante veredicto.

This motion set up that the certificate of insurance which was introduced in evidence by appellee did not purport to be the entire contract of insurance declared upon, but on its face showed that it was issued "under and subject to the terms" of enumerated group policies which constituted a part of the contract; that no evidence to prove the contents and provisions of the group policies had been introduced during the trial of the case; that if any evidence tending to establish the contents of the group policies had been introduced during the trial, it was of a secondary nature, for the introduction of which no proper predicate had been laid, and should be disregarded; and that in the absence of legal proof of the contents of the group policies the appellee was not entitled to recover.

We agree with appellant's contention that the certificate of insurance which was introduced in evidence was not the entire contract of insurance declared upon and that the group policies constituted a part of the contract, and it is true that the group policies referred to in the certificate were not introduced in evidence and their full contents were not proven upon the trial, but we are unable to agree that in this instance insufficient proof was made of the contract declared upon, or that such proof was not made by legal and competent evidence. We are of the opinion, on the contrary, that the certificate of insurance itself, which was issued by the appellant itself to the appellee, furnished all the proof of the full contract that was necessary to support the trial court's judgment.

The certificate consists of some eight pages of printed matter, and contains every commitment on the part of the insurance company that is essential to appellee's cause of action. Not only is this so, but the commitments and provisions of the certificate are represented by it to be also commitments and provisions of the group policies. The certificate commences as follows: "Pacific Mutual Life Insurance Company, Los Angeles, California By a Group Disability Insurance Policy No. GA–1631, and by a Group Medical Expense Insurance Policy No. GH–1631, contracts between the Insurance Company and the Trustees of the Insurance Fund of Texas Automotive Dealers Association, has insured certain Employees of Employers subscribing to said Trust. *Certain terms of the group policies are described on this and the following pages of this certificate.* Under and subject to the terms of the group policies, H. L. Talbert, an Employee of a Subscribing Employer, is insured for the following benefits:" (Emphasis supplied.) Then, under the captions, "Group Disability Policy Provisions, Insurance with respect to the Employee," "Group Medical Expense Policy Provisions, Insurance with respect to the Employee," "Insurance with respect to Dependents of the Employee," "Group Medical Expense Policy Provisions, Insurance with respect to Dependents of the Employee," and "Provisions relating to both Group Policies," there follow six pages of detailed provisions with reference to the benefits payable under the certificate and the group policies, the conditions under which such benefits are payable, proof of loss, termination of the insurance, and other kindred subjects. Whether these provisions of the certificate be considered as verbatim copies of the corresponding provisions of the group policies, or merely

as adaptations thereof, they must nevertheless be accepted as the appellant's own representation and admission that in substance and effect the same provisions are contained in the group policies.

The certificate was primary and not secondary evidence of the contents of the group policies and of the entire contract, because it is an integral and indivisible part of the entire contract. In support of the latter statement, see Wann v. Metropolitan Life Ins. Co., Tex.Com.App., 41 S.W.2d 50; Metropolitan Life Ins. Co. v. Worton, Tex.Civ.App., 70 S.W.2d 216, writ refused; Metropolitan Life Ins. Co. v. Barela, Tex.Civ.App., 44 S.W.2d 494. And, as we have already stated, all of the provisions of the group policy essential to appellee's cause of action were reflected by the certificate.

■ It was not necessary that appellee either plead or prove more of the entire contract than was essential to show appellant's liability on the facts relied upon and proved by appellee. See Ramsey v. Wahl, Tex.Com.App., 235 S.W. 838; Northwestern Mut. Life Ins. Co. v. Freeman, 19 Tex.Civ.App. 632, 47 S.W. 1025, writ refused; Automobile Ins. Co. v. Bridges, Tex.Civ.App., 5 S.W.2d 244; Kottwitz v. Bagby, 16 Tex. 656; Southern Travelers' Ass'n v. Shattuck, Tex.Civ.App., 2 S.W.2d 568, writ refused. Nor do we think that in Wann v. Metropolitan Life Ins. Co., supra, 41 S.W.2d 50, 52, the case which is primarily relied upon by appellant, the Commission of Appeals held or intended to hold that more was necessary. What the court there had in mind is exemplified by the following portion of the opinion: "In order for plaintiff in error to set up a cause of action under the terms of the certificate, it was incumbent upon him to allege and prove that the provisions of the group policy, when construed in connection with the certificate and rider, entitled him to recover for the disability resulting from the injuries sustained in the service of his employer." In other words, it was necessary for the insured to prove that

on the entire contract he had a cause of action. The certificate did not in that instance purport to contain the provisions of the group policy, and there was a total absence of any proof of the terms of the group policy. The court merely held that the plaintiff had failed to prove enough of the contract to show the defendant's liability or the extent thereof on the facts before the court. The case at bar presents an entirely different situation.

■ The foregoing conclusions have not been in anywise prompted by the following provision of Rule 94, Texas Rules of Civil Procedure: "Where the suit is on an insurance contract which insures against certain general hazards, but contains other provisions limiting such general liability, the party suing on such contract shall never be required to allege that the loss was not due to a risk or cause coming within any of the exceptions specified in the contract, nor shall the insurer be allowed to raise such issue unless it shall specifically allege that the loss was due to a risk or cause coming within a particular exception to the general liability; provided that nothing herein shall be construed to change the burden of proof on such issue as it now exists."

We do not think such provision of the rule alters or affects the basic requirement of the Wann case that in suits upon or for breach of contract there must be proof of enough of the contract to establish liability. We are merely holding that in the case at bar there was sufficient proof of the entire contract.

By its third point, which is submitted in the alternative, to be considered in the event there was secondary evidence introduced of the contents of the group policy, the appellant assigns as error rulings of the trial court in admitting such evidence. We agree with appellant's primary contention that there was in fact no such evidence, and disregard the point.

■ By its second point appellant complains of the action of the trial court in overruling its motion for a mistrial be-

cause of a part of the argument to the jury made by appellee's counsel. The argument complained of was the following: "Now there has been a lot of talk about the term 'wholly disabled'—about the question of whether Mrs. Talbert was wholly disabled. I guess you are wondering why there is so much talk about this. Well, I'll tell you why—this certificate of insurance provides that the benefits will continue after the insurance terminates if Mrs. Talbert was wholly disabled. That's why there's so much talk about whether she's wholly disabled. We have to prove she was wholly disabled to recover anything in this lawsuit." The appellant objected to the argument at the time it was made, on the ground that it informed the jury of the effect of their answers to certain of the special issues, and requested the court to instruct the jury to disregard it. This the court did, and counsel for appellee also withdrew the argument and requested the jury to disregard it. The appellant then made its motion for a mistrial, upon the theory that the argument was so prejudicial that its harmful effects could not be cured by the curative measures taken.

The only special issues submitted to the jury which could have basically affected the question of liability were the two hereinabove set out. The first of these inquired as to whether Mrs. Talbert had been "wholly disabled" on April 15, and the second was to be answered only in the event the first was answered "yes." Most of appellee's evidence had been directed toward proving that Mrs. Talbert had been "wholly disabled" at the times inquired about, and counsel for appellee was arguing to the jury that an affirmative answer should be given to Special Issue No. 1. We feel that in these circumstances the jury, as intelligent men, must have already known, before the argument which is complained of was made, what the effect of their answers to the special issues would be. Such being the case, the error was harmless. Arando v. Higgins, Tex. Civ.App., 220 S.W.2d 291, writ ref. n. r. e., and the cases therein collated.

No reversible error appearing, the judgment of trial court is affirmed.

## On Rehearing.

We endeavored in our original opinion, apparently without complete success, to make clear that the cases first therein cited, Wann v. Metropolitan Life Ins. Co.; Metropolitan Life Ins. Co. v. Worton; Metropolitan Life Ins. Co. v. Barela, were cited only in support of the proposition that the certificate is an integral and indivisible part of the entire contract, and not as supporting our conclusion that the certificate was primary rather than secondary evidence of the contents of the group policies and of the entire contract. The latter conclusion, we think, necessarily follows upon the established principle in support of which the cases were cited. We are unable to see how the certificate can be an integral and indivisible part of the entire contract, and at the same time be other than primary evidence, to the full extent its terms and provisions suffice for the purpose, of the terms of the entire contract, including the terms of the group policies themselves. Neither the fact that the group policies are the basis of the insurer's liability, Sanders v. Aetna Life Ins. Co., 146 Tex. 169, 205 S.W.2d 43, 46, 173 A.L.R. 968, or are the "primary basis" of the certificate, Metropolitan Life Ins. Co. v. Worton, supra, 70 S.W.2d 216, nor the fact that in the event of a conflict, the terms of the group policies would control and prevail over the terms of the certificate, militate against the foregoing conclusions. We are here concerned only with a question of evidence, not with the matter of construing the entire contract.

In the second group of cases cited in our original opinion, Ramsey v. Wahl, and the cases cited with it, with the exception of Kottwitz v. Bagby, and Southern Travelers' Ass'n v. Shattuck, the courts, it is true, were passing upon the sufficiency of the pleadings rather than upon the sufficiency of the proof. However, we think it axiomatic that ordinarily neither more nor less need be pleaded than is required to be proved. The case of Kottwitz v. Bagby, supra,

is authority for the proposition that only the material and essential averments of a pleading need be proved; those which are not material and essential need not be proved and may be rejected as surplusage. See, also, 17 C.J.S., Contracts, § 566, page 1199. We know of no rule of law which requires that a contract in its entirety be introduced in evidence as a prerequisite to the establishment of liability under it. On the contrary, we have no doubt that the person who relies on the contract is the master of his own fate in selecting the portions of the contract he will plead and prove. Of course, when he pleads and proves less than the whole of the contract, he proceeds at the peril of perhaps having the tendered portion of the contract excluded from evidence because of a variance between his pleading and proof (assuming the entire contract has been placed before the court by the opposing party, and reflects such variance), or of ultimately being denied recovery, for failure to prove a cause of action under the entire contract (again assuming it to have been introduced in evidence by the opposing party). Results such as those suggested would follow a showing that under the contract the liability sought to be established is contingent upon conditions precedent, for the burden is upon the plaintiff to both plead and prove compliance with such conditions. However, the conditional nature of liability under the contract must be made apparent before it can avail the defendant. Automobile Ins. Co. v. Bridges, Tex.Civ.App., 5 S.W.2d 244. Therefore, if, by selective pleading and proof of parts only of a contract, a plaintiff should establish a positive duty on the part of the defendant, a breach of that duty, and damage resulting from the breach, and should recover judgment on such a showing, the mere fact that he had not introduced the entire contract and thereby displayed that the defendant's duty was conditional rather than positive would not, in our opinion, be grounds for setting aside the judgment. If the plaintiff should pursue such tactics, it would be up to the defendant to protect himself by making the true facts appear. This could be done by the defendant at whatever stage of the proceedings the

protection of his rights dictated; it would entail no shift in the burden of either pleading or proof. For these reasons, we think it was not incumbent on the plaintiff to make proof of the group policy in its entirety; it was sufficient that he prove only so much of it as was necessary to demonstrate the validity of the cause of action he asserted. This, we think he did by introducing in evidence the certificate which contained the provisions of the group policy on which he relied.

Our conclusion that only so much of a contract or policy of insurance as is relied on need be introduced in evidence is inferentially supported by language appearing in Southern Travelers' Ass'n v. Shattuck, Tex. Civ.App., 2 S.W.2d 568, 571, writ refused. The by-laws of the Association were in that instance a part of the contract, and the court expressed itself to the following effect: "The certificate of membership issued to the insured does not purport to contain in itself and without reference to any other formal instrument any of the substantive terms of the contract of insurance. * * * Merely proving the certificate of membership and death of insured did not give the appellee any cause of action whatever. In order to establish a cause of action of any sort, she was compelled to prove *a portion* of the by-laws." (Emphasis supplied.) If the rule were otherwise, it would frequently be necessary to greatly encumber the record with wholly immaterial matter. For example, it would probably be necessary in a case such as the one at bar to introduce the group policy providing for death benefits, when no claim at all is being, or could be, asserted under it. The mere suggestion of such a possibility should suffice to demonstrate that the law imposes no such obligation.

As pointed out in our original opinion the certificate involved in the case of Wann v. Metropolitan Life Ins. Co., 41 S.W.2d 50, 52, did not purport to contain any of the provisions of the group policy. It was construed as merely evidencing the insured's "right to participate in the insurance provided by his employer under the terms and conditions imposed in the group policy when

construed in connection with the certificate." The court then pointed out that "the terms of the certificate may have been materially modified by stipulations contained in the group policy." The certificate involved in the case at bar does more than merely evidence the insured's right to participate in the insurance provided by his employer; it sets out sufficient of the stipulations of the group policy to establish plaintiff's right to recover under it in the absence of proof of some other provision of the policy that would defeat his right. If the policy contains any provision that would defeat his right of recovery, the plaintiff was under no legal duty in this instance of proving it.

Being of the opinion the case was correctly disposed of upon original submission, the appellant's motion for rehearing is overruled.