COMBINED INSURANCE COMPANY OF AMERICA, Appellant,

v.

Jeff Madison PERRY, Appellee.

No. 5307.

Court of Civil Appeals of Texas, Waco.

May 16, 1974.

Rehearing Denied June 6, 1974.

Brown, Crowley, Simon & Peebles, Fort Worth, for appellant.

Robert S. Travis, Fort Worth, for appellee.

## OPINION

JAMES, Justice.

This is a suit for monthly disability benefits under a group insurance policy. Plaintiff-Appellee Jeff Madison Perry, the insured, brought this suit against Defendant-Appellant Combined Insurance Company of America, the insurer, seeking to recover monthly disability benefits as provided in a group policy of insurance issued by Combined. Trial was had to a jury, and based upon the jury's answers to the special issues, the trial court entered judgment in favor of Plaintiff Perry in the amount of $12,537.50 plus 12% penalty in the amount of $1,504.50 plus $3,750.00 attorney's fees through the trial court, plus

provisions for additional attorney's fees in the event of an appeal to the Court of Civil Appeals, and in the further event of an appeal to the Supreme Court of Texas.

Plaintiff Perry as part of his proof introduced in evidence without objection the certificate of insurance issued to him, but did not offer in evidence the original group policy.

Combined comes to this court on three points of error, the thrust of which may be consolidated into one complaint, to-wit: That Plaintiff Perry failed to prove a cause of action because he never offered the original group policy in evidence, nor were its essential terms proved. We overrule this contention and these points of error and affirm the trial court's judgment.

Plaintiff attached to his First Amended Original Petition a copy of the certificate of insurance issued to him. The Defendant specially excepted because of the failure of Plaintiff to attach a copy of the original group policy or to set out in haec verba "all the material portions of such policy"; however, this special exception was never acted upon by the court. The record does not show that it was urged before the court.

The Plaintiff in his First Supplemental Petition alleged: "Plaintiff does not have the Group Policy of insurance issued by Defendant and hereby calls upon Defendant to produce said policy, failing which will result in plaintiff introducing secondary evidence as to said policy."

The jury found in effect as follows: (the following subparagraph numbers do not necessarily correspond to the numbers of the special issues).

(1) That Plaintiff Perry was suffering from a "sickness" on or before June 12, 1970. *The trial court defined "sickness" as follows: "The term 'sickness' as used in this issue, is used in its ordinary sense. The term would also include a mental disorder."* (emphasis supplied)

(2) That Plaintiff's "sickness" caused him to be wholly disabled in that he was prevented from performing each and every duty pertaining to his usual business or occupation for any period of time beginning on or before June 12, 1970. In this connection the trial court defined the term "wholly disabled in that he was prevented from performing each and every duty pertaining to his usual business or occupation" to mean not an absolute physical or mental inability to perform any of the duties pertaining to his occupation, but that such "disability" exists if it prevents the individual from substantially performing every essential operation necessary to the performance of his occupation.

(2A) That such "sickness" caused Plaintiff to be wholly disabled in that he was prevented from performing each and every duty pertaining to his usual business or occupation for any period of time beginning on or before the end of June 1970.

(3) That such "disability" as defined in Special Issue No. 2 existed continuously from its beginning up to and through September 11, 1972.

(4) That Plaintiff's "disability" has continuously existed from some time prior to September 12, 1972 up to and through July 12, 1973.

(5) That a reasonable attorney's fee to compensate Plaintiff through the trial court is $3,750.00, through an appeal to the Court of Civil Appeals is $800.00, and through an appeal to the Supreme Court of Texas is $800.00.

No objection was made by Defendant-Appellant Combined to the special issues submitted, nor to any other part of the charge, including the definition of "sickness."

The Defendant filed a Motion for Judgment Notwithstanding the Verdict, because of the failure of Plaintiff to offer in evidence the original group policy or a true copy thereof, contending that by such failure the Plaintiff "has wholly failed to in-

troduce any credible evidence as to the contract between Jeff Madison Perry and the Combined Insurance Company of America."

The trial court disregarded Defendant's Motion for Judgment NOV and entered judgment in favor of Plaintiff-Appellee Perry for $12,537.50 plus 12% penalty and attorney's fees, in accordance with the jury verdict.

Defendant Combined appeals on three points of error, contending:

(1) The trial court should have disregarded the jury's answers to each and every special issue because Plaintiff "wholly failed to introduce any credible evidence as to the contract" between Plaintiff and Defendant;

(2) The trial court erred in overruling Defendant's Motion for Judgment NOV; and

(3) There was no evidence to support the findings of the jury to any of the special issues.

These three points of error were in Appellant's own words consolidated into one complaint, namely, that "plaintiff failed to prove a cause of action in that the group policy on which his suit was based was never introduced into evidence, nor were its essential terms ever proved."

■ In other words, the Appellant Combined says that the suit is based on a master policy of group insurance, and since Plaintiff Perry introduced the individual certificate issued to him, but failed to introduce the original policy, the judgment must be reversed, relying on Wann v. Metropolitan Life Insurance Co. (Tex.Com. App.1931), 41 S.W.2d 50, opinion approved by the Supreme Court, and Equitable Life Assurance Society v. Nelson (Fort Worth, Tex.Civ.App., 1965), 396 S.W.2d 517, no writ history. We do not think the holdings in *Wann* and in *Nelson* are applicable.

The precise question we are confronted with is this: Was Plaintiff's offer into evidence of the certificate of insurance sufficient proof of a cause of action on the group policy to support the trial court's judgment, or was it necessary for Plaintiff to offer into evidence the group policy itself? We believe the offer into evidence of the certificate was sufficient.

In arriving at this determination we have considered the language of the certificate, the pertinent portions of which read as follows: (emphasis supplied)

"This certificate is issued *in accordance with the terms of the Group Policy* of insurance indicated below. This certificate is not a contract of insurance. *It does, however, describe the principal provisions of the Group Policy under which it is issued.*

"Combined Insurance Company of America (herein called 'Company') having issued Group Policy No. 50C1126, Form No. 18096, effective as therein stated, to Independent Bankers Association of America (herein called 'Holder') HEREBY CERTIFIES that it insures, subject to all the provisions, definitions, limitations, and conditions of said policy, all eligible persons who have applied for coverage under the policy, have paid the applicable premium for such coverage and who have been approved by the Company (herein such persons shall individually be called 'Insured'). *The Company agrees in the policy to pay the benefits and indemnities provided therein and described in this certificate.*

"Schedule of Benefits

"Monthly Indemnity: 50% of Insured Base Salary up to a Maximum of $850.-00 per month.

"Maximum Period Payable—Accident: Lifetime.

"Maximum Period Payment Payable—Sickness: 5 Years of Age 65, whichever occurs first.

"Elimination Period: 90 days.

"Part I   Effective Date of Individual Insurance

"The insurance of eligible persons for whom written application is made on or before the effective date of the policy and the insurance of any new or other eligible persons shall take effect on the first day of the first insurance month following the date of approval by the Company of such evidence or insurability as it may require.

"If any person is absent from active full time work or is unable to perform any of his normal duties on account of Injury or Sickness at the time his insurance would otherwise take effect then it shall take effect on the date he returns to active full time work and resumes all of his normal duties."

"Part II   Monthly Accident Indemnity

*   *   *   *   *   *

"Part III   Monthly Sickness Indemnity

(1) If Sickness shall continuously, necessarily and wholly disable the Insured and prevent him from performing each and every duty pertaining to his usual business or occupation, and the Insured is under the regular care and attendance of a legally qualified physician or surgeon other than the Insured, the Company will pay periodically, commencing with the first day of disability following the applicable Elimination Period stated in the Schedule of Benefits, the applicable Monthly Indemnity stated in the Schedule of Benefits not to exceed twenty-four consecutive months or the applicable Maximum Period Payable—Sickness stated in the Schedule of Benefits whichever is the lesser.

(2) After the payment of the applicable Monthly Indemnity for twenty-four months, under number (1) above, the Company will continue to pay such Monthly Indemnity for the period the Insured is wholly and continuously disabled and under the regular care and attendance of a legally qualified physician or surgeon other than the Insured and prevented by reason of such Sickness from engaging in each and every occupation or employment for wage or profit for which he is reasonably qualified by training, education or experience, but not to exceed in the aggregate under numbers (1) and (2) hereof, the applicable Maximum Period Payable—Sickness stated in the Schedule of Benefits."

The certificate of insurance is three and one-half pages in length, and after the above-quoted portions are sections or parts dealing with "Recurrent Disability," "Waiver of Premium," "Individual Terminations," "Exclusions and Reductions," and "General Provisions." The next to last sentence under "General Provisions" reads: "This Certificate of Insurance replaces and cancels all other certificates, if any, issued to the Insured under said Group Policy."

By Requests for Admissions and the Responses thereto, it was conclusively established that: Combined issued the numbered policy in question to Independent Bankers Association of America; that Perry applied for coverage under said policy at sometime prior to January 1, 1969; that Combined accepted Perry as an "insured" within the meaning of the policy sometime prior to January 1, 1969; the Certificate in question was a true, complete, and correct copy of Combined's Certificate of Insurance, "which Defendant assumes was delivered to Mr. Perry"; and that premiums for all employees of Perry National Bank of Hamilton were current through at least June 12, 1970. Other evidence established that Perry was an employee of Perry National Bank of Hamilton (hence covered) during the pertinent period, and that premiums were paid and accepted on Perry's policy with Combined through June 30, 1970. Perry had been an employee of Perry National Bank of Hamilton from sometime in the 1940's until June 12, 1970. He was a loan officer of said Bank and a

full-time employee when he submitted his resignation effective June 12, 1970, because of illness. There is no question but that he was under medical and psychiatric care after he ceased to perform his duties as of June 12, 1970, and that he was unable to perform his duties after said date. However, he did regularly perform his duties as an employee until said last-mentioned date. Beginning in the early part of 1970, he began to suffer loss of memory and was observed by his associates to walk out of the bank "maybe two or three times a day" during business hours, and while customers were waiting. His condition gradually got worse until the time of his resignation on June 12, 1970. He was given a vacation and kept on the bank's payroll until June 30, 1970, but performed no duties after June 12, 1970. We do not deem it necessary to detail any other facts with reference to his sickness and disability. Suffice it to say that there is ample evidence to support the jury's answers to the special issues submitted to them.

All the essential elements of contractual liability by Combined to Perry were proven here. The offer (Perry's application), acceptance by Combined, payment of consideration by or for Perry, and breach (non-payment) by Combined were established by the evidence. The remaining essentials for contractual liability are Combined's promise to pay, the amount to be paid, and the circumstances under which such payments would be made. These were all established by the certificate. The certificate contains Combined's unqualified promise to "pay the benefits and indemnities provided (in the policy) *and described in this certificate."* The certificate establishes, under the heading "Schedule of Benefits", the amount of each monthly payment, the number of months during which payments are to be made, and the "elimination period." Under the heading "Part III—Monthly Sickness Indemnity," the conditions under which payments are to be made are fully set forth. When taken with the other proof hereinabove outlined, the certificate contains all the proof of contractual liability that Plaintiff Perry needed to establish against Combined.

In other words, the certificate, which was issued by Combined to Perry, furnished all the proof of the full contract (group policy) that was necessary to support the trial court's judgment, and contains every commitment on the part of Combined that is essential to Perry's cause of action.

The certificate was primary and not secondary evidence of the entire contract, because it is an integral and indivisible part of the entire contract. Board of Insurance Commissioners v. Great Southern Life Ins. Co. (1951), 150 Tex. 258, 239 S.W.2d 803 at pp. 809, 810; Wann v. Metropolitan Life Ins. Co. (Tex.Com.App., 1931), 41 S. W.2d 50.

It was not necessary that Plaintiff Perry prove more of the entire contract than was essential to show Defendant Combined's liability upon the facts relied upon and proved by Plaintiff. Nor do we think *Wann* actually held that more was necessary. In *Wann*, the certificate stated it was "subject to the terms and conditions" of the group policy, and did not set out the terms and conditions under which the insurer obligated itself to pay. In the case at bar, the certificate states that it is issued in accordance with the terms of the policy, and does describe the principal provisions of the policy; that it insures all eligible persons who have applied for coverage and paid the premium and have been approved by the Company, and that "The Company agrees in the policy to pay the benefits and indemnities provided therein *and described in this certificate."* Also, it sets out the Schedule of Benefits, conditions under which the insurer will pay monthly sickness·indemnity, and the limits of duration thereof, and says "This certificate of Insurance replaces and cancels all other certificates" issued to the Insured under the policy.

We think this case is more properly governed by the opinions in Connecticut General Ins. Co. v. Reese (Waco, Tex.Civ. App., 1961), 348 S.W.2d 549, error refused NRE; Blue Bonnet Life Ins. Co. v. Reynolds (Eastland, Tex.Civ.App., 1941), 150 S.W.2d 372, writ refused; and Pacific Mutual Insurance Co. v. Talbert (Beaumont, Tex.Civ.App., 1954), 271 S.W.2d 487, no writ history.

In *Wann* the court said: "In order for plaintiff in error to set up a cause of action under the terms of the certificate, it was incumbent upon him to allege and prove that the provisions of the group policy, when construed in connection with the certificate and rider, entitled him to recover for the disability resulting from the injuries sustained in the service of his employer." In other words, that it was necessary for the insured to prove that on the entire contract he had a cause of action. The certificate in *Wann* did not purport to contain the provisions of the group policy, and there was a total absence of any proof of the terms of the group policy. The court in *Wann* merely held that the plaintiff had failed to prove enough of the contract to show the defendant's liability or the extent thereof in the facts before the court. The case at bar presents an entirely different situation. In suits upon or for breach of contract there must be proof of enough of the contract to establish liability. In the case at bar, we are of the opinion and so hold that the proof by way of the certificate, when taken together with the other evidence, was sufficient to establish liability on the part of Defendant-Appellant Combined.

Defendant-Appellant points to two asserted deficiencies in Plaintiff's proof, to-wit: (1) There was no definition of "sickness" in the certificate, and (2) no provision that such "sickness" must have commenced or occurred after the effective date of the policy. Appellant says "Definitions and provisions such as these concern the terms of general liability and the burden is on the Plaintiff in Texas to allege those provisions and to bring his loss within their terms before he can recover." We do not agree with this argument.

It is true the term "sickness" was not defined in the certificate; however, as hereinabove stated, the trial court charged the jury that the term "sickness" as used in Special Issue No. 1 "is used in its ordinary sense. The term would also include a mental disorder."

The Defendant never made any objection or exception to this definition, nor did Defendant submit any definition of "sickness" that it preferred. Having failed to so object, Defendant waived any objection to this definition, and cannot now complain of same. Rule 274, Texas Rules of Civil Procedure. Indeed, the record does not show that Defendant made any objections or exceptions to any of the court's charge. The exclusion for sickness occurring before the effective date of the policy is an exclusion which must be specifically pleaded by the insurer or the issue is not in the case. Rule 94, Texas Rules of Civil Procedure; International Security Life Ins. Co. v. Kuhler (Amarillo, Tex. Civ.App., 1970), 459 S.W.2d 480, error refused NRE. The Defendant did not so plead this exclusion, and therefore this issue is not in the case. Moreover, it is uncontroverted that Plaintiff Perry continued to perform most if not all of his duties pertaining to his occupation until June 12, 1970, and was continually kept on the payroll until June 30, 1970. There is no evidence that he suffered any sickness until the early part of 1970. It was also undisputed that he was insured "prior to January 1, 1969;" therefore his "sickness" could only have begun after the effective date of the policy. Additionally, the provisions of Part I of the certificate entitled, "Effective Date of Individual Insurance," hereinabove quoted, also provide for the contingency of disability due to sickness occurring prior to the effective date of the policy.

In the light of the reasons hereinabove stated, Appellant's points of error and contentions are overruled, and judgment of the trial court is accordingly affirmed.

Affirmed.