TEXAS INTERNATIONAL AIRLINES, Appellant,

v.

WITS AIR FREIGHT, Appellee.

No. 20398.

Court of Civil Appeals of Texas, Dallas.

Nov. 21, 1980.

Patrick F. McGowan, Kevin H. Good, Dallas, for appellant.

John R. Henderson, Meyers, Miller, Middleton, Weiner & Warren, Dallas, for appellee.

Before AKIN, CARVER and STOREY, JJ.

STOREY, Justice.

This is a summary judgment case. The suit is upon an airbill, the front side of which was introduced as a part of plaintiff's summary judgment proof. The front side of the airbill contains recitations to the effect that conditions of the contract appear on its reverse side. The reverse side was not offered as summary judgment proof. The question is whether plaintiff Wits Air Freight, the movant, in omitting the reverse side of the airbill has failed to prove all essential elements of its cause of action; or, on the other hand, whether Texas International Airlines, the non–movant, had the burden to present the omitted part of the airbill as a matter in avoidance. We conclude that, under the circumstances of this case, the burden remained with plaintiff as moving party either to introduce every part of the contract which might contain conditions precedent to recovery and to establish factually its compliance with the conditions, or to plead performance of all conditions precedent pursuant to Tex.R.Civ.P. 54. Because plaintiff accomplished neither of these alternatives, we reverse and remand.

The facts are undisputed. Plaintiff delivered a package of horological instruments to defendant, a common carrier by air, in Salt Lake City, Utah, and received an airbill to be used to reclaim the package upon delivery in Boston, Massachusetts. Defendant delivered the package safely to another carrier in Denver, Colorado, and the package was lost. Plaintiff's claim is for the declared value of the package, and in its motion for summary judgment plaintiff introduced as evidence only the front side of the airbill as part of its summary judgment proof. The front side of the airbill contained the recitation "Conditions of the Contract appear on the back of the Airbill." Defendant excepted to plaintiff's summary judgment evidence stating that the entire contract was not before the court, and urged that the recitation on the face of the airbill incorporated the reverse side as a portion of the contract which the plaintiff had the burden to present to the trial court. Defendant also urged that plaintiff had failed to sustain its burden of proving up the entire contract by failing to introduce a tariff filed before the Civil Aeronautics Board. This appeal results from the trial court's grant of plaintiff's motion for summary judgment.

■ Both parties recognize the rule in summary judgment practice to be that the movant must establish its entitlement by proving all elements of its cause of action and that the non–movant must present by proper summary judgment evidence all matters in avoidance of the movant's entitlement. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979). The point of disagreement is whether plaintiff or defendant had the burden of presenting the reverse side of the airbill to the trial court. No authority has been cited nor has our search revealed authority directly in point, but both parties analogize the instant case to cases dealing with group life insurance policies. Appellant relies on *Wann v. Metropolitan Life Ins. Co.*, 41 S.W.2d 50 (Tex.Comm'n App.1931, holdings approved), where a group insurance contract was evi-

denced solely by introduction of the certificate of insurance issued to the individual insured and no attempt was made to introduce the policy or to prove its contents. Despite the fact that the certificate appeared to be complete in its terms, the court reversed because the certificate expressly stated that it was subject to the terms and conditions of the group life policy. As stated by the court:

> It is argued that the certificate ... issued to Wann was so complete in its terms that it was not essential for him to establish the provisions of the group policy. The parties to this contract expressly agreed that plaintiff in error was insured subject to the terms and conditions of the group policy. However complete the terms of the certificate may appear to be, the fact remains that the parties agreed it should be subject to the terms and conditions of another instrument. In the face of such an agreement plaintiff in error had no right, without the consent of the insurance company, to change this contract so as to entitle him to recover without regard to the terms and conditions of the policy expressly made a part of the contract. The terms of the certificate may have been materially modified by stipulations contained in the group policy.

*See also Davis v. Tennessee Life Ins. Co.*, 562 S.W.2d 868 (Tex.Civ.App.–Houston [1st Dist.] 1978, writ ref'd n. r. e.); *cf. Terrazas v. Sullivan*, 470 S.W.2d 904 (Tex.Civ.App.– El Paso 1971, writ ref'd n. r. e.) (court reversed summary judgment because of movant's failure to establish every material exchange between parties to oral contract).

Appellee, however, relies upon cases such as *Ramsey v. Wahl*, 235 S.W. 838 (Tex. Comm'n App.1921, judgmt. adopted), and *Randolph Junior College v. Isaacks*, 113 S.W.2d 628 (Tex.Civ.App.–Eastland 1938, no writ), for the proposition that, in a suit for the breach of a written contract, it is necessary to allege correctly all the provisions of the contract essential to the cause of action, but that it is not necessary to set out other provisions which do not qualify or alter the terms breached. Further, appellee asserts that, in following this line of cases, the Beaumont Court of Civil Appeals has written on our precise situation in *Pacific Mut. Ins. Co. v. Talbert*, 271 S.W.2d 487 (Tex.Civ. App.–Beaumont 1954, no writ). However, *Talbert* is readily distinguishable from both *Wann* and the instant case.

In *Talbert* the court affirmed a judgment for the insured despite the fact that only the certificate, and not the applicable group policies, was introduced. The court distinguished its own situation from that found in *Wann* by stating that the commitments and provisions of the certificate were represented, on the face of the certificate, to be also the commitments and provisions of the group policies. In *Wann*, the certificate, though apparently thorough in setting out its terms, did not indicate that the terms were the same as those set out in the group policy, but instead expressed that it was subject to the terms of the group policy.

We are persuaded by the rationale of the *Wann* case. Here, the terms of the contract of carriage may have been materially modified by the "conditions" found on the reverse side of the airbill. It is not the function of this court, or of the trial court, to speculate as to the agreement of the parties. When a party sues upon an instrument, and that instrument affirmatively shows upon its face that it is subject to, and not merely cumulative of, terms and conditions found in another instrument, both must be introduced.

However, this result may be circumvented, and the line of cases represented by *Ramsey v. Wahl, supra*, followed, by pleading generally that all conditions precedent have been performed or have occurred. Pursuant to Tex.R.Civ.P. 54, such a pleading places the burden upon the opposing party to point out specifically such conditions precedent that he alleges have not been performed, and it then becomes the burden of the party alleging performance to prove performance of those conditions precedent which have been questioned. Here, plaintiff never alleged that all conditions precedent had been performed or had

occurred. *See Larcon Petroleum, Inc. v. Autotronic Systems, Inc.*, 576 S.W.2d 873 (Tex.Civ.App.–Houston [14th Dist.] 1979, no writ). If a contract contains no conditions precedent, then, of course, a rule 54 allegation is unnecessary. *Cf. Jefferson Construction Co. v. United States*, 283 F.2d 265, 267 n.2 (1st Cir. 1960), *cert. denied* 365 U.S. 835, 81 S.Ct. 748, 5 L.Ed.2d 744 (1961) (Court, construing Fed.R.Civ.P. 9(c) which is the same as Tex.R.Civ.P. 54, stated, "Rule 9(c) . . . requires a general pleading to the effect that conditions have been met. If it did not appear that a contract contained any such conditions, this might be a superfluous allegation . . . ."). But if a contract does contain conditions precedent, then there must be some allegation that the conditions have been met, even if the entire contract has been introduced. *See Topping v. Fry*, 147 F.2d 715 (7th Cir. 1945).

Here, the entire contract has not been introduced, and plaintiff has not alleged that he has performed the "conditions" found on the reverse side of the airbill. Had the entire contract been introduced, we could look to the summary judgment evidence to see if the conditions set out in the contract had been performed. On the other hand, if performance pursuant to rule 54 had been alleged, the burden to contest performance would have shifted to defendant. Under the state of the record before us, we are unable to determine factually if plaintiff has performed, nor can we say that he has succeeded in shifting to defendant the burden of contesting performance. We conclude that plaintiff has not proved all elements of its cause of action and summary judgment was therefore improvidently granted.

In view of our above holding, we need not consider defendant's point respecting the introduction of applicable tariffs as summary judgment evidence, except to note that the same rationale should apply with respect to tariffs as is applied to the reverse side of the airbill.

Reversed and remanded.