**ARANDO v. HIGGINS.**

No. 4627.

Court of Civil Appeals of Texas. El Paso.

March 9, 1949.

Rehearing Denied April 6, 1949.

Fryer & Milstead, El Paso, for appellant.

Kemp, Smith, Brown, Goggin & White, El Paso, for appellee.

PRICE, Chief Justice.

This is an appeal by Carmen Arando from the judgment of the District Court of El Paso County, Texas, 65th Judicial District.

Mahala Higgins, hereinafter called "appellee" sued Carmen Arando, hereinafter called "appellant" to recover for personal injuries alleged to have been suffered by her through the negligence of said appellant, the negligence consisting in substance of· the negligent backing of an automobile against appellee. The trial was to the court with a jury, submission on special issues, and on the verdict returned judgment was entered in favor of appellee in the sum of $1,000. There is no question raised as to the pleading, and hence same will not be summarized.

Appellant relies on two points of error for the reversal of the judgment:

"No. 1. This case should be reversed because counsel for appellee in his closing argument disclosed to the jury the effect of their answers to the issues.

"No. 2. This case should be reversed because the court instructed the jury that in estimating the damage the jury might consider the value of appellee's impaired

ability to work, whereas the evidence showed the appellee had no earning capacity whatever."

Appellant's bill of exceptions No. 2 discloses that while one of appellee's counsel was making his closing argument to the jury he stated to the jury several times that the first five questions of the court's charge should be answered yes, and then stated to the jury: "I suggest that you answer the first five questions 'Yes' in favor of the plaintiff, Mahala Higgins", to which argument of counsel defendant then and there excepted on the ground that such argument was telling the jury the effect of their answers to the questions submitted in the court's charge. The court overruled defendant's exceptions to such argument. The statement so made by counsel to the jury was not withdrawn and the jury was not instructed not to consider such argument. The statement so made by counsel for plaintiff was not provoked by nor was it in response to argument of counsel for the defendant.

It is well established by our decisions that where the submission is upon special issues it is improper for counsel to inform the jury of the legal effect of their answers to the issues submitted. Authorities might be multiplied upon this point. It is ordinarily reversible error for counsel to so inform the jury. Ex parte Fisher, 146 Tex. 328, 266 S.W.2d 1000, loc. cit. 1004. However there is an exception to the rule. This exception has been frequently enunciated by our courts and consistently followed. This exception is that where the jury, as intelligent men, must have already known at the time counsel told them what the effect of their answers would be, that such error is harmless. Galveston, H. & S. A. R. Co. v. Harling, Tex.Com.App., 260 S.W. 1016; McFaddin v. Hebert, 118 Tex. 314, 15 S.W.2d 213; Lloyd's Casualty Co. of New York v. Grilliett, Tex.Civ.App., 64 S.W.2d 1005, W.Ref.; City of Dallas v. Firestone Tire & Rubber Co., Tex.Civ. App., 66 S.W.2d 729; Wr.Ref.; Fort Worth & D. C. Ry. Co. v. Kiel, Tex.Civ. App., 195 S.W.2d 405, W.R.N.R.E.

The five special issues referred to were as follows:

1. Whether appellant backed her automobile into appellee on the day in question.

2. Whether the appellant failed to keep a proper lookout for people behind her before backing the car;

3. Whether such negligence was the proximate cause of the injuries suffered by appellee;

4. Whether appellant failed to give proper notice or warning of her intention to back her automobile;

5. Whether failure to give such warning or notice was the proximate cause of the injuries suffered by appellee.

It is our view that before counsel requested the jury to answer the first five questions "Yes" that as men of ordinary intelligence the jury knew that the first five questions submitted contentions made by plaintiff by pleading, by evidence and by argument of counsel. It is thought intrinsic in the questions is the information that to answer "Yes" to each and all of said questions would be in favor of plaintiff.

There is no contention here that the verdict in any way fails to find support in the evidence. The amount of damages found would seem to evidence a careful and unprejudiced weighing of the evidence.

In connection with Special Issue No. 8 submitting as to the amount of plaintiff's damages, the court charged the jury in substance that in estimating the damages of plaintiff they might take into consideration the value of her impaired ability, if any, to work. Defendant excepted to this charge as follows: "That it submits an element of damage as to impaired ability of plaintiff, Mahala Higgins, to work, but the evidence failed to show that she had any earning capacity and therefore the same could not be an element of damage to be considered by the jury."

The evidence tended to show that the appellee was an aged Negro woman. In

regard to her age she testified that her mother told her she was seven years and six months old when freedom was declared, and that is all she had to go by. It seems clear from the evidence that she was over eighty years old. She testified that before the accident she was able to get around the house and do some of the work at her daughter's house; that she had been unable to help any since the accident; that she was unable to go out by herself since the accident. Her daughter with whom the evidence showed appellee had lived for the last 28 years testified that before March, 1948, the date of the accident appellee was able to do housework and that she helped with the housework; that while she did not do all the housework she did a lot of it; that the witness took in laundry and before the accident her mother was always able to get about by herself. There was no evidence that appellee had ever earned any money; there was no evidence as to the value of her services in performing the household duties in regard to which appellee and her daughter testified. In support of this assignment appellant cites the case of Texas & Pacific R. Co. v. Feagan, Tex.Civ.App., 80 S.W.2d 396. In that case the jury were instructed that they might allow the plaintiff for any decreased capacity to labor and earn money to date, and for any decreased capacity to labor and earn money in the future. The testimony bearing on this issue was that the plaintiff worked mostly as a farmhand on his own farm, afterwards as a deputy sheriff. There was no evidence as to the value of his work, either when he worked for himself or as a deputy sheriff.

In the instant case appellee's work was entirely domestic service performed presumably for herself and for her daughter. It has long been held that as to the value of domestic services that the jurors are capable of judging of this from their personal knowledge and experience and evidence is not required. Gainesville, H. &. W. R. Co. v. Lacy, 86 Tex. 244, 24 S.W. 269; Dallas Railway & Terminal Co. v. Horton, Tex.Civ.App., 119 S.W.2d 122; 13 Tex.Jur. 402. There is a well grounded and logical distinction between earning capacity and loss of working capacity. This distinction is well drawn in the case of Texas & Pac. R. Co. v. Perkins, Tex. Civ.App., 284 S.W. 683, 686. In that case Judge Gallagher says: "The authorities distinguish between the loss of earning capacity and the loss of working capacity." In support of this proposition precedents are cited. It may be there is no evidence in this case that the appellee had any earning capacity, but there is evidence that she had a capacity prior to the accident in question to perform her household duties and did perform same.

It is true, as contended, that there was no specific evidence as to the value of the domestic services performed by appellee, but in our opinion under the foregoing authorities the evidence was sufficient to justify the submission of the issue.

There is no reversible error in the case, and the judgment of the trial court is ordered in all things affirmed.