William H. GREEN et al., Appellants,

v.

**HUDSON ENGINEERING CORPORATION,**
Appellee.

No. 15827.

Court of Civil Appeals of Texas.

Fort Worth.

July 12, 1957.

Rehearing Denied Sept. 20, 1957.

Glenn Wilson, Nocona, Stine & Stine, Henrietta, Carter, Gallagher, Jones & Magee, and Ben T. Warder, Jr., Dallas, for appellants.

Reo Knowles, Dallas, for intervenor, U. S. Fidelity & Guaranty Co.

Marvin London, Bowie, Jones, Parish & Fillmore and Harold Jones, Wichita Falls, for appellee.

BOYD, Justice.

Appellant William H. Green sued appellee Hudson Engineering Corporation for damages for personal injuries sustained as a·result of an explosion in the plant of his employer, Murmanill Corporation. Appellants Ruth Taylor and James S. Taylor sued appellee for damages for the death of James S. Taylor, Sr., a co-employee of Green, who died from injuries sustained in the same accident. Appellant United States & Guaranty Company intervened in the latter suit, claiming the right of subrogation for an amount paid on account of the death of James S. Taylor, Sr., under the workmen's compensation law. The causes were consolidated, and, upon a jury verdict, judgment was rendered for appellee.

Appellants alleged that the explosion was caused by a coupling's being out of round, and that it had been installed in that condi-

tion by appellee. The only issue answered by the jury was, "Do you find from a preponderance of the evidence that at the time of the installation in question Hudson Engineering Corporation used a coupling which was out of round?" The answer was, "No."

Appellants have three points of error, all of them involving the jury argument of appellee's counsel. No objection was made to the argument upon grounds pertinent to this appeal.

The argument complained of was as follows:

"You have got to go a little bit further before you can return a verdict against Hudson. You have got to find first, to Issue No. 1, that the coupling in question was out of round. You have got to go a step further and say that that was negligence on the part of Hudson, and then you have got one further step to go, and you have got to say that it was a proximate cause of the collision (explosion) in question. Now, those are the things that have to be proven to your satisfaction by a preponderance of the evidence before you can give any Judgment against Hudson Engineering Company. * * *

"Now, I say that before you can give even one dollar of Hudson's money to these people, as sympathetic as every lawyer, the Court, and everybody in this Court Room is for those people, you have got to first believe and find from a preponderance of the evidence that the coupling in question was out of round, and I don't believe you will ever find that from the testimony in this case. I just don't believe there is any testimony here to support any such finding on the part of this jury, and I say then if you give them one dollar or five dollars of Hudson's money that you have done Hudson a great injustice. * * *

"Don't you think now that the best thing that you can do is to return a verdict in favor of Hudson and then let them go back and bring suit against the Bowie Gasoline Company? I do. * * *

"If this suit had been filed jointly against Hudson and against Bowie Gasoline Company, then I think there is no question but what this jury would have given Judgment against Bowie Gasoline Company, and I think that is why they were not included in this suit, is because they didn't want to give this jury that avenue of affixing the Judgment against the Bowie Gasoline Company. * * *

"What about Bowie Gasoline Company? Don't you know that if they had been guilty, if they were guilty of negligence, that they are liable to those injured employees? Don't you know that if Murmanill Company was guilty of negligence, or gross negligence, that they are liable to those injured employees? * * *"

■ Appellants' complaints are (1) that the argument told the jury the effect of their answer to issue No. 1; (2) that it urged the jury to return a verdict in favor of appellee instead of making fact findings according to the evidence; and (3) that it discussed the law concerning the liability of Murmanill Corporation to its employees.

We agree with appellants that the argument told the jury the effect of their answer to the issue. Appellee, however, insists that an intelligent juror—and we assume there were twelve intelligent jurors—would know the effect of any answer to the issue.

The plant where the accident occurred was built by appellee under a contract with Bowie Gasoline Company. It had been accepted as completed about sixteen months before the accident. Bowie Gasoline Company operated it for about a year, and Murmanill Corporation had operated it about four months, and was operating it at the time of the occurrence.

Appellants alleged that appellee was negligent in installing a coupling which was out of round, and that such negligence caused the injuries complained of; counsel for appellants told the members of the jury panel that their lawsuit was based on a claim that appellee used a coupling which was out of

round; the only issue as to appellee's primary negligence was whether it installed a coupling which was out of round; appellants' counsel in his argument to the jury said: "You may recall in this case that after you were selected and empaneled as jurors that both sides read their pleadings to you, which constitute our basis, what we say is our basis of the lawsuit. You may recall that we said in behalf of Bill Green and Ruth Taylor and her family that we have brought suit against Hudson Engineering Company for what we contend is negligent conduct on their part, and mainly —there has been many side issues developed in the case, but mainly and solely, in effect, on their using a collar which we contend was out of round at the time of the joint make-up, that it was able to be made up sufficiently to withstand a hydrostatic test and to stand operation for some time, but that later, of course, the joint failed with catastrophic results. That, in general, is the basis of our lawsuit against the Hudson Engineering Company, * * *. You may recall also that when the defendants read their pleadings setting up their theories of defense to the case that first of all they denied what we have to say. * * * Now, referring more specifically to the issues in the case, Special Issue Nos. 1 through 3 inquire generally about the conduct of Hudson Engineering Company. No. 1, in essence, 'Do you find from a preponderance of the evidence,' and the scales do have to be tipped, but not beyond a reasonable doubt, but just by a mere preponderance of the evidence, 'Do you find from a preponderance of the evidence that at the time of the joint make-up in question did Hudson Engineering Company use a coupling which was out of round?' I think you know how we feel that should be answered. Was such conduct negligence? It would seem to me that that naturally would follow. And was it a cause, one of the causes, a proximate cause of the explosion? To me, and I am prejudiced in this case, but, to me, it is the sole cause. It is the only cause of the catastrophe that has occurred." The bills of exception relating to the argument have this qualification: "The matter was discussed by counsel in the selection of the jury and also in Plaintiffs' argument to the jury."

█ It is not error for counsel to tell the jurors what they already know. McFaddin v. Hebert, 118 Tex. 314, 15 S.W.2d 213; Galveston, H. & S. A. Ry. Co. v. Harling, Tex.Com.App., 260 S.W. 1016; Ex parte Fisher, 146 Tex. 328, 206 S.W.2d 1000; Fort Worth & D. C. Ry. Co. v. Kiel, Tex. Civ.App., 195 S.W.2d 405; Arando v. Higgins, Tex.Civ.App., 220 S.W.2d 291. We can almost agree with appellants' counsel when he said, in speaking of the issue, "I think you know how we feel that should be answered."

█ But if the jurors did not know the effect of their answer before appellee's counsel told them, the argument was error. However, since the adoption of Rule 434, Texas Rules of Civil Procedure, the question is not merely whether the argument constituted error, but whether it constituted error amounting "to such a denial of the rights of the appellant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment." Aultman v. Dallas Railway & Terminal Co., 152 Tex. 509, 260 S.W.2d 596.

Appellants Green and Mrs. Taylor were residents of the county of suit, and had been all their lives. Green was severely injured in the explosion, and Mrs. Taylor's husband was killed. Mrs. Taylor was crippled by arthritis, and got about in a wheel chair. Appellee was a corporation, and was sued as such. We cannot believe that the jurors were probably influenced by the argument complained of to answer the issue against these appellants.

It is not contended that the evidence did not support the answer. Not being able to say that the error, if any, probably caused the rendition of an improper judgment, we overrule appellants' points one and two.

█ Point three is that the last paragraph of the quoted argument of appellee's counsel discussed the liability of Murmanill

Corporation to its employees. When the argument was made, appellants objected as follows: "Just one minute. If Your Honor please, I except to that because under the compensation law, under gross negligence, that applies only in a death case, and it has no reference whatever in a general injury case, and that a compensation carrier employer has no liability for its *negligence* conduct to its employees other than. workman's compensation benefits." The objection was sustained. Appellee's counsel said: "If the Court please, there is no contention here that either of these plaintiffs were employees of Bowie Gasoline Company, a Delaware Corporation. The argument is certainly in order from that standpoint." Appellants' counsel then said, "From that standpoint I will withdraw my objection."

Mrs. Taylor's husband died from injuries received in the course of his employment for Murmanill Corporation. If the argument was not a correct statement of the law so far as one plaintiff was concerned, the court might have been asked to limit its application. This was not done. We do not think the point reflects error.

The judgment is affirmed.