NO. 07-00-0496-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



MARCH 6, 2001



______________________________




PRINCEWILL A. TATA, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 337TH DISTRICT COURT OF HARRIS COUNTY;



NO. 817,720; HONORABLE DON STRICKLIN, JUDGE



_______________________________



Before QUINN and REAVIS and JOHNSON, JJ.

 Appellant Princewill A. Tata has given notice of appeal from a conviction and
sentence in cause number 817,720 in the 337th District Court of Harris County, Texas (the
trial court). The trial court clerk's records were filed with the appellate court clerk on
October 24, 2000. The clerk of this court is in receipt of a letter from the trial court reporter
which advises that the reporter has not received a deposit toward transcription of the
reporter's record on appeal, nor any designation of record on appeal. No reporter's record
has been filed. 

 Pursuant to correspondence from the clerk of this court, counsel for appellant
advised that an affidavit of indigency was forwarded to appellant at his place of
incarceration, and that upon filing of the properly-executed affidavit, the trial court would
appoint counsel to represent appellant on appeal. Subsequent inquiry into the status of
the affidavit of indigency and appointment of counsel has not elicited a response from
appellant or his counsel. 

 Accordingly, this appeal is abated and the cause remanded to the trial court. Tex.
R. App. P. 37.3(a)(2). Upon remand, the judge of the trial court is directed to immediately
cause notice to be given of and to conduct a hearing to determine: (1) whether appellant
desires to prosecute this appeal; (2) if appellant desires to prosecute this appeal, then
whether appellant is indigent, and if not indigent, whether counsel for appellant has
abandoned the appeal; (3) if appellant desires to prosecute the appeal, whether
appellant's present counsel should be replaced; and (4) what orders, if any, should be
entered to assure the filing of appropriate notices and documentation to dismiss
appellant's appeal if appellant does not desire to prosecute, or, if appellant desires to
prosecute, to assure that the appeal will be diligently pursued. If the trial court determines
that the present attorney for appellant should be replaced, the court should cause the clerk
of this court to be furnished the name, address, and State Bar of Texas identification
number of the newly-appointed or newly-retained attorney. 

 The trial court is directed to: (1) conduct any necessary hearings; (2) make and file
appropriate findings of fact, conclusions of law and recommendations, and cause them to
be included in a supplemental clerk's record; (3) cause the hearing proceedings to be
transcribed and included in a reporter's record; and (4) have a record of the proceedings
made to the extent any of the proceedings are not included in the supplemental clerk's
record or the reporter's record. In the absence of a request for extension of time from the
trial court, the supplemental clerk's record, reporter's record of the hearing and
proceedings pursuant to this order, and any additional proceeding records, including any
orders, findings, conclusions and recommendations, are to be sent so as to be received
by the clerk of this court not later than April 16, 2001. 

 

 Per Curiam

Do not publish.



y's finding was supported by
legally insufficient evidence, the trial court erred by denying Excel's motion. If the trial court
so erred, its error without question led to its rendition of an improper judgment and thus
requires reversal. TEX. R. APP. P. 44.1(a). 

 A legal sufficiency challenge will be sustained when, inter alia, the evidence offered
to prove a vital fact is no more than a mere scintilla. Merrell Dow Pharm., Inc. v. Havner,
953 S.W.2d 706, 711 (Tex. 1997). More than a scintilla of evidence exists when the
evidence rises to a level such that reasonable and fair-minded people could differ in their
conclusions. Id.; Kindred v. Con/Chem, Inc., 650 S.W.2d 61, 63 (Tex. 1983). We will view
the evidence in a light that tends to support the jury's finding and disregard all evidence
and inferences to the contrary. Bradford v. Vento, 48 S.W.3d 749, 754 (Tex. 2001);
Weirich v. Weirich, 833 S.W.2d 942, 945 (Tex. 1992). 

 The jury charge defined pecuniary loss as "the loss of the care, maintenance,
support, services, advice, counsel, and reasonable contributions of a pecuniary value,
excluding loss of inheritance, that Shirley McDonald would, in reasonable probability, have
received from Jason McDonald had he lived." (2) As noted, the jury found $150,000
pecuniary loss damages "sustained in the past," and $50,000 "in reasonable probability will
be sustained in the future." 

 Jason was the youngest of McDonald's three sons. Evidence showed Jason had
a close relationship with his mother. One of his friends testified that Jason would "drop
everything" to help his mother when she needed help. Jason had helped his mother
financially. His employer Olan Moore and other witnesses testified that Jason commonly
gave his paychecks to his mother. (3) From the time Jason was twelve or thirteen years old,
he had worked for Moore during the summers. At the time of his death, Jason was making
$8 or $8.50 an hour, his take-home pay ranging from $220 to $300 a week, depending on
the hours worked. 

 As Excel's summary of the evidence states, Jason also willingly and routinely helped
his mother with household chores. He performed household maintenance and repair,
cleaning, and lawn mowing, and put up the Christmas tree and lights. 

 As Excel also acknowledges, the evidence supports a finding that Shirley McDonald
suffered some pecuniary loss during the nearly one-year period from her son's death to the
date of the verdict. That is sufficient, McDonald argues, to defeat Excel's no-evidence
challenge to the jury's finding that the loss amounted to $150,000. McDonald contends
that proof of pecuniary loss in the wrongful death context is not susceptible "to the kind of
pencil and paper calculation which might be used . . . in a commercial case." (4) She cites
John Deere Co. v. May, 773 S.W.2d 369 (Tex.App.-Waco 1989, writ denied), in which the
court upheld an award of pecuniary loss damages to a minor daughter for the death of her
father despite the absence of testimony placing a specific monetary value on his parental
services. Id. at 379-80. 

 The requirement that the amount of damage awards be supported by evidence is
not limited to commercial cases. See, e.g., Saenz v. Fidelity & Guar. Ins. Underwriters,
925 S.W.2d 607, 614 (Tex. 1996) ("Not only must there be evidence of the existence of
compensable mental anguish, there must also be some evidence to justify the amount
awarded.") There can be little doubt that such a requirement applies to amounts awarded
for the pecuniary loss element of wrongful death damages. See Moore, 722 S.W.2d at 687
(pecuniary loss damages represent "direct economic losses"); cf. C & H Nationwide, Inc.
v. Thompson, 903 S.W.2d 315, 324 (Tex. 1994) (contrasting proof required for loss of
inheritance damages with that for non-economic damages).

 Viewing the evidence in the light most favorable to the verdict, the jury could have
determined that Jason, in reasonable probability, would have contributed his paychecks
to his mother. But even if he had continued to earn as much as $300 a week until the date
of the verdict (5) and given it all to his mother, his contribution would not have totaled more
than $15,000.

 The jurors could apply their knowledge and experience to estimate the value of the
household services Jason rendered his mother, without proof of their value. Missouri-Kansas-Texas R. R. Co. v. Pierce, 519 S.W.2d 157, 160 (Tex.Civ.App.-Austin 1975, writ
ref'd n.r.e.); Arando v. Higgins, 220 S.W.2d 291 (Tex.Civ.App.-El Paso 1949, writ ref'd
n.r.e.). A jury's discretion in doing so is not unlimited, however, and must be based on the
evidence adduced. Pierce, 519 S.W.2d at 160. The evidence shows that Jason was
extraordinarily diligent in helping his mother around the house but no evidence suggests
that the nature or value of his services was out of the ordinary. No reasonable view of the
evidence concerning Jason's services to his mother supports an estimated value even
approaching $150,000 for the period before the verdict. We must agree with Excel that no
evidence supports the jury's finding that McDonald suffered direct economic losses in the
past of $150,000. We conclude the trial court erred by denying Excel's motion to disregard
the finding, and we sustain Excel's issue on appeal.

 When we reverse a trial court's judgment, normally it is our duty under Rule of
Appellate Procedure 43.3 to render the judgment the trial court should have rendered. 
Tex. R. App. P. 43.3. As noted, Excel's brief prays only for rendition, asking that we render
judgment eliminating the past pecuniary loss element of the recovery and the prejudgment
interest on that amount. Excel acknowledges our authority under Rule 43.3(b) to remand
for a new trial when the interests of justice require it. Excel argues against remand,
pointing to the supreme court's discussion of its similar authority under Rule 60.3 in Kerr-McGee Corp. v. Helton, 133 S.W.3d 245, 258-60 (Tex. 2004); TEX. R. APP. P. 43.3, 60.3. 
It contends remand is no more appropriate here than in Helton. We disagree.

 Helton is a natural gas lease drainage case. The plaintiff there relied on an expert
witness to provide the only evidence of the amount of damages. The supreme court found
the expert's testimony on that subject was unreliable and constituted no evidence. 
Concluding the plaintiff thus had failed to present any competent evidence of the amount
of his damages, the court reversed the lower courts, and rendered a take-nothing
judgment. Helton, 133 S.W.3d at 247. 

 Here, by contrast, Excel acknowledges that McDonald presented evidence
supporting some award for past pecuniary loss. Under these circumstances, remand is
appropriate. Because liability was contested at trial, we may not remand only for retrial of
the damages. TEX. R. APP. P. 44.1(b); Estrada v. Dillon, 44 S.W.3d 558, 562 (Tex. 2001)
(per curiam). Accordingly, the trial court's judgment is reversed and the cause is remanded
for a new trial. 


 James T. Campbell

 Justice
1. Shirley McDonald and Jason's father are divorced. The jury awarded him no
damages. He is not a party to this appeal.
2. See Moore v. Lillebo, 722 S.W.2d 683, 687 (Tex. 1986) (so defining pecuniary loss
for parent of adult child); Texas Pattern Jury Charges-General Negligence, PJC 9.5
(2003).
3. McDonald's cross-examination testimony indicated that Jason had not given her
his paycheck since October of 2002, when she obtained a better-paying job.
4. Excel's citations include a number of lost profits and condemnation cases. See,
e.g., Holt Atherton Industries, Inc. v. Heine, 835 S.W.2d 80 (Tex. 1992) (lost profits);
Callejo v. Brazos Electric Power Cooperative, Inc., 755 S.W.2d 73 (Tex. 1988)
(condemnation).
5. His employer testified Jason sometimes worked part-time during the school year.
There is no evidence to suggest Jason intended to continue full-time work after the
summer. All the evidence is that he intended to resume his college classes in the fall.